Hallett *v.* Harrower.

The judgment should be affirmed.

[MONROE GENERAL TERM, December 3, 1860. *Smith, Johnson* and *Knox,* Justices.]

————————◆————————

HALLETT, President of the Bank of Hornellsville, *vs.* HARROWER, Sheriff, &c.

Where a plaintiff, in his summons and complaint, describes himself as "President of the Bank of H.," this, if the cause of action specified is one of mere private right, will be regarded as only a *descriptio personæ.*

But where the complaint expressly asserts and avers that the plaintiff is president of the Bank of H., a *moneyed corporation* established and doing business at H., and then sets out a cause of action arising or accruing to such *bank,* under the general banking law of 1858, the action is to be deemed an action commenced by the plaintiff as a corporation or association under the general banking act, according to the form prescribed by the 21st section of that act.

If the defendant, by his answer, in such a case, expressly denies that the plaintiff is such corporation, or that there is any such corporation as the bank of H. and alleges that the plaintiff is not president of any such corporation, and has no authority, power or capacity to sue as such, these issues are material and the plaintiff cannot recover, unless he can establish the allegations of his complaint, and sustain his corporate character.

A certificate which, upon its face, shows that it was made and filed by H. as a private banker, and that he proposes to commence the business of banking, as an individual banker, at H., under the name and designation of the Bank of H., does not tend to prove that the plaintiff is a corporation, but only that he is an individual banker, and has established a private bank styled the Bank of H.

Nor can the plaintiff make out his corporate character, or enlarge the force
    of the certificate, by parol proof that he established the Bank of H. under
    such certificate.
A private banker is not a corporation.

THE present action was brought on behalf of the Bank of
    Hornellsville as assignee of certain goods and merchan-
dise, and of the claim of William W. Fulton and Charles N.
Paine the assignors, for the taking and conversion of the
same.

The complaint alleges that the plaintiff is president of the
Bank of Hornellsville, a moneyed corporation established and
doing business at Hornellsville, under and pursuant to "An
act to authorize the business of banking," passed April 18,
1838, and the several acts amendatory thereof; and after
further stating the taking and conversion of the goods and
merchandise by the defendant while belonging to Fulton and
Paine, alleges that said Fulton and Paine, for a valuable con-
sideration to them paid by the said Bank of Hornellsville,
duly sold, assigned and set over to the said Bank of Horn-
ellsville, the said goods, chattels, &c. The answer, besides
other defenses, alleges that there is no such person or corpo-
ration as the Bank of Hornellsville, and that the said pre-
tended Bank of Hornellsville has no right, authority or power
to sue in this action by the name of Samuel Hallett, presi-
dent of the Bank of Hornellsville, or otherwise. The answer
also alleges, in a further separate defense, that the plaintiff,
Samuel Hallett, is not president of the Bank of Hornellsville,
a moneyed corporation established and doing business as al-
leged in the complaint; and that the said Samuel Hallett
has no power, authority or capacity to sue as such president.
On the trial, the plaintiff offered in evidence a copy of a cer-
tificate by Samuel Hallett, of his intention to commence the
business of banking as an individual banker, in the town of
Hornellsville, dated March, 1854, certified by James M. Cook,
superintendent of the banking department; to which evi-
dence the defendant objected as immaterial, and not tending

to establish the corporate capacity of the plaintiff. This objection was overruled and the evidence admitted. The defendent excepted. The plaintiff also proved, after objection by the defendant which was overruled and exception taken thereto, that under this certificate he deposited securities with the bank superintendent, and went into business as such banker. The plaintiff also proved, after objection by the defendant, which was overruled and exception taken thereto, the manner in which he signed the bills of the bank. The plaintiff also gave in evidence after objection by the defendant, which was overruled and exception taken thereto, an assignment of the goods, merchandise and cause of action by Fulton and Paine, to the Bank of Hornellsville. The plaintiff also read in evidence after objection by the defendant, a copy of the appointment of James E. Jones as deputy of the sheriff of the county of Steuben.

The defendant, at the close of the plaintiff's evidence, moved for a nonsuit, on the following grounds: 1. That the plaintiff has failed to prove the Bank of Hornellsville a corporation, and therefore no action can be maintained in its name or for its benefit as a corporation. 2. That the plaintiff claiming to recover in this action in the right of the Bank of Hornellsville as a corporation, was bound to prove it a corporation under the issues formed by the pleadings. 3. The plaintiff has not shown enough to authorize a recovery against the defendant for the act of his deputy. There is no sufficient proof of the deputy's appointment, and no proof that he acted by directions of defendant, or in the performance of his duty as deputy. His assuming to serve an attachment in this case is not sufficient. This motion, after further evidence given by the plaintiff under objection, was renewed on the same grounds. The court denied the motion, and the defendant excepted. The jury, under the direction of the court, found a verdict for plaintiff for $1940.

*John Wayne*, for the plaintiff.

*George T. Spencer*, for the defendant.

*By the Court*, E. DARWIN SMITH, J.   The summons in this action, and the complaint, are entitled "Samuel Hallett, president of the Bank of Hornellsville, *v.* Gabriel T. Harrower," and in the body of the summons the defendant is summoned to answer the complaint of "Samuel Hallett, president of the Bank of Hornellsville, plaintiff." The complaint commences as follows: "Samuel Hallett, plaintiff in this action, complains against the defendant, and says that he is president of the Bank of Hornellsville, a *moneyed corporation* established and doing business at Hornellsville aforesaid, under and pursuant to an act entitled 'An act to authorize the business of banking,' passed April 18, 1838, and the several acts amendatory thereof." The complaint then proceeds to state that the defendant, as sheriff, took and carried away from the store and possession of William W. Fulton and Charles N. Payne certain goods and chattels, the property of said Fulton and Payne, and thereafter particularly described, and that afterwards, and before the commencement of this action, the said Payne and Fulton, for a good and valuable consideration to them paid by the said *Bank of Hornellsville duly sold and assigned, transferred and set over unto the said Bank of Honellsville* the said goods and chattels and all the right, title, interest, claim and demand of, in and to the same, and all claim or demand growing out of the wrongful taking of the same. The action is brought to enforce the right thus acquired, and to recover the value of the goods and chattels so taken by the defendant.

The description of the plaintiff contained in the summons and in the title to the complaint, if the cause of action described had been one of mere private right, would be regarded as a mere *descriptio personœ*. (*Delafield* v. *Kinney, president of the Erie Bank*, 24 *Wend*. 345. *Hunt* v. *Van*

*Alstyne,* 25 *Wend.* 605. *The Ogdensburgh Bank* v. *Van Rensselear, president of St. Lawrence Bank,* 6 *Hill,* 240. *Merritt* v. *Seaman,* 2 *Seld.* 172.) But the complaint expressly asserts and avers that the plaintiff is president of the Bank of Hornellsville, a *moneyed corporation* established and doing business at *Hornellsville,* and then sets out a cause of action arising or accruing to such *bank* under the general banking law of 1858. The action must therefore be deemed an action commenced by the plaintiff as a corporation or association under the general banking act, according to the form prescribed by the 21st section of that act. Such is the clear and necessary interpretation and construction of the complaint. The second and third answers of the defendants expressly deny that the plaintiff is such corporation, or that there is any such corporation as the Bank of Hornellsville, and they allege that the said Samuel Hallett is not president of any such corporation, and has no authority, power or capacity to sue as such. The issues thus tendered by the defendant are material, and the plaintiff obviously cannot recover unless he can establish the allegations of his complaint thus denied. (2 *R. S.* 458, § 3. *Bank of Genesee* v. *The Patchin Bank,* 3 *Kernan,* 309.) The certificate which the plaintiff offered in evidence to prove such ·issue on his part was, I think, improperly received for that purpose; and this presents the first exception for our consideration. This certificate upon its face shows that it was made and filed by the said Samuel Hallett as a private banker, and that he proposes to "commence the business of banking as an individual banker at Hornellsville in the county of Steuben, under the name and designation of the Bank of Hornellsville." The issue presented by the pleadings is whether the plaintiff is a corporation. The plaintiff must establish his corporate character, to maintain the action. This certificate does not tend to prove such character. It tended to prove that the said Samuel Hallett was an individual banker, and had established a private bank in the style of *The Bank of Hornellsville,*

and nothing more. A private banker is not a corporation. This is now distinctly decided in the cases of *The Bank of Havana* v. *Magee*, (20 *N. Y. Rep.* 356,) and *Codd* v. *Rathbone*, (19 *id.* 39.) The parol evidence of Samuel Hallett, showing that he established the Bank of Hornellsville under such certificate, was also improperly received. The plaintiff could not make out his corporate character in that way. He could not enlarge the force of the certificate, nor could a corporation be organized by parol. It must have a charter from the legislature, or, what is equivalent, it must be organized under the general act. Acts *in pais* tending to prove an organization of a banking association might be proved, but this parol proof was not directed to that end. Without discussing other exceptions, in regard to the admissibility of evidence, and other questions, I think the motion for a nonsuit should have been granted, for the reason that there was an entire failure of proof to establish the corporate character of the plaintiff. That was really all the issue seriously litigated, and the plaintiff gave no proof which would warrant the jury in finding a verdict for him upon that issue. It follows, therefore, as this objection was in no way obviated in the course of the trial, that the verdict must be set aside and a new trial granted.

New trial granted; costs to abide the event.

[MONROE GENERAL TERM, December 3, 1860. *Smith, Johnson* and *Knox,* Justices.]