WILCOX SILVER PLATE COMPANY, Respondent, *v.* THOMAS GREEN, Appellant.

A delivery of goods by a vendor to a carrier, pursuant to the directions of the purchaser, is a good delivery to the latter.

An agent can legally bind himself for the price of goods purchased for the benefit of his principal, and if the goods are received, accepted and used by the principal, with the knowledge and sanction of the agent, he is bound thereby.

In an action to recover for goods sold and delivered, it appeared that defendant and other directors of a fair association, orally ordered the goods for the use of the association to be sent by express to J.; that they were ordered on the credit of defendant, he agreeing to be individually responsible ; that the goods were shipped as directed, addressed to defendant, and upon arrival at J. were received by T. one of the other directors, with the knowledge of and without objection by defendant, and were used by the association.    *Held,* that the evidence warranted a finding that T. had authority to receive and accept the goods, and did so with the sanction of defendant ; and that there was a good delivery and acceptance within the statute of frauds.

As to whether the statute of frauds of this State applies to a contract made in another State, in the absence of proof of the existence of any such statute in that State, *quære.*

The order was given to an agent of plaintiff, the order forwarded by such agent to plaintiff, which was headed with defendant's name, was received in evidence under objection and exception.    *Held,* no error ; that the order was no evidence of defendant's liability as purchaser, without proof that defendant authorized the agent to give an order in his name ; but with such proof it was competent as a communication of the order to plaintiff.

So, also, the entry of the order in plaintiff's order-book, headed with defendant's name, was held competent to show that plaintiff acted on the order, and charged the goods to defendant.

(Argued November 19, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial. (Mem. of decision below, 9 Hun, 347.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*Francis C. Barlow*, for appellant. The court erred in admitting in evidence against defendant's objection the order for the goods. (*Russell* v. *H. R. R. R. Co.*, 17 N. Y., 134; *Huff* v. *Bennett*, 6 id., 335, 339; *Sackett* v. *Spencer*, 29 Barb., 180; *Meacham* v. *Pell*, 51 id., 65; *Juniata Bank* v. *Brown*, 5 S. & R., 231; *Smith* v. *Lane*, 12 id., 87.) The contract was void under the statute of frauds. (3 R. S. [5th ed.], 221, § 3; *Baldy* v. *Parker*, B. & C., 37, 44; *Cross* v. *O'Donnell*, 44 N. Y., 661; *Shindler* v. *Houston*, 1 id., 273; *Stone* v. *Browning*, 51 id., 211; *Kent* v. *Hutchinson*, 3 B. & P., 233, 235; *Outwater* v. *Dodge*, 6 Ware, 397; *Hanson* v. *Armitage*, 5 B. & Ald., 557; *Acebal* v. *Levy*, 10 Bing., 376, 384; *Hunt* v. *Hecht*, 8 Exch., 813, 817; *Hewes* v. *Jordan*, 39 Ind., 481; *Johnson* v. *Dodgson*, 2 M. & W., 655; *Smith* v. *Hudson*, 6 B. & S., 431, 448; *Norman* v. *Phillips*, 14 M. & W., 277, 283; *Cussack* v. *Robinson*, 1 B. & S., 297, 305, 306; *Meredith* v. *Weigh*, 2 E. & B., 363, 371; *Hart* v. *Bush*, E. B. & E., 492, 496; *Johnson* v. *Cuttle*, 105 Mass., 447, 449; Benj. on Sales [1st Am. ed., 1875], 160; *Rodgers* v. *Phillips*, 40 N. Y., 519; *Grimes* v. *Van Vechten*, 20 Mich., 412.) The burden of showing that the contract was valid by the law of Mississippi was upon plaintiff. (*Thatcher* v. *Morris*, 1 Kern., 437, 439; *McBride* v. *Farmers' Bank*, 26 N. Y., 450, 457; *Hodges* v. *Ins. Co.*, 4 Seld., 421; *Monroe* v. *Douglass*, 1 id., 452; *Leavenworth* v. *Brockway*, 2 Hill, 201; *Allen* v. *Watson*, 2 Hill [So. Car.], 31; *Mason* v. *Wash.*, 1 Ill., 39.) The verdict should be set aside as being against the weight of evidence. (*Norman* v. *Phillips*, 14 M. & W., 277; *Townsend Manuf. Co.* v. *Foster*, 51 Barb., 346.)

*W. Gleason*, for respondent.    Our courts cannot take judicial notice of any of the laws of sister States at variance with the common law.    (C. & H. Notes to Phil. Ev., part 2, p. 1138, note 776; *Holmes* v. *Broughton*, 10 Wend., 75, 78; *White* v. *Knapp*, 47 Barb., 554.)    The burden of proof was upon defendant to show that the contract was invalid.    (1 Kern., 437; 26 N. Y., 450; 4 Seld., 421.)    There was no error in receiving in evidence the original order for the goods, the list given to the packer, and the copy of the original order.    (*Guy* v. *Mead*, 22 N. Y., 466; *McCormick* v. *P. A. C. R. R. Co.*, 49 id., 303; *Halsey* v. *Sinsebaugh*, 15 id., 485, 487; *Marcly* v. *Shultz*, 29 id., 346, 351.)

RAPALLO, J.    The complaint alleges the sale and delivery by the plaintiff to the defendant at Jackson, in the State of Mississippi, of certain goods, consisting of articles of plated ware of the value of $893.92.

The answer contains a general denial, and also sets up that the goods mentioned in the complaint were sold and delivered by the plaintiff, through its agent at Jackson, to a voluntary association called the Mississippi State Fair Association, acting through a committee, of which the defendant was a member, and that they were bought for the purpose of being used as premiums at a fair of such association; that the defendant was not at the time a member of the association, and that, in making the purchase, the committee acted collectively as agents of the association merely, and on its sole responsibility, and that the purchase was not made by any member of the committee individually, or by the members thereof jointly as individuals, and that the goods were never delivered to or received by the defendant, but were delivered to the association.

The traveling agent of the plaintiff, who made the sale, testified that in October, 1869, he met the defendant at his banking house at Jackson, and that he, together with several other members of the committee then present, settled upon a

list of goods they wanted; that before writing out the list the witness asked who was to be responsible for the goods, to whom they should be charged; that defendant replied: " Charge them to me; I am good for them," and he referred to the Park Bank of New York for his responsibility; that witness afterwards, from the memorandum then taken, made out an order and sent it to his principal, the plaintiff, in Connecticut. The witness further testified that the defendant, or one of his associates, in his presence, directed the goods to be sent by the Adams Express. The plaintiff was aware that they were to be used for the purposes of the fair.

Evidence was then given to the effect that the goods so ordered were packed in boxes, and, after the plaintiff had satisfied himself by inquiring at the Park Bank as to the solvency of the defendant, they were shipped by Adams Express, addressed to the defendant at Jackson, Mississippi.

Upon this proof the plaintiff rested, and the defendant moved for a nonsuit, upon the sole ground that no delivery to the defendant had been proved.

The court properly denied the motion. A delivery to a carrier, pursuant to the direction of the purchaser, is a good delivery to him. Though not sufficient to constitute an acceptance under the statute of frauds (61 N. Y., 1), it is sufficient to constitute a delivery. The motion for a nonsuit, in the form in which it was made, raised no question under the statute of frauds. The ground stated was not that acceptance had not been proved, but that no proof of delivery had been made. This ground was clearly untenable.

The defendant then gave evidence in support of the defense set up in the answer. The directors of the fair association, who were present at the giving of the order for the goods, contradicted the statement of plaintiff's witness, as to the defendant directing the goods to be charged to him, but confirmed his statement that they were ordered in the presence of the defendant, and that the agent was requested to make a list of them which he did. They alleged, however, that

the sale was made to the fair association, and that the agent was so informed, and did not require any individual guaranty. That the goods arrived at Jackson, and were exhibited at the store of Mr. Taylor, one of the directors of the association, who was present at defendant's banking house at the giving of the order, and took the principal part in selecting the articles, and that they were afterward distributed as prizes by the association.

The judge submitted to the jury whether the purchase was made on the individual undertaking of Mr. Green, as stated by the plaintiff's agent, or whether it was made for the association, as stated by defendant's witnesses. He also submitted to them the question, whether the defendant agreed to be responsible for the goods himself individually, or only as surety for the association, and charged them that if he only agreed to be surety, the contract was void under the statute of frauds. No exception was taken to these portions of the charge. The court then proceeded to instruct the jury, that if they should come to the conclusion that the defendant agreed to purchase the goods as an individual, the next question for them to determine was whether the goods were delivered to him, and in regard to that question he charged, that if the defendant stated to the plaintiff's agent that the goods were to be sent by Adams' Express, directed to him at Jackson, Mississippi, and they were so addressed and delivered to the express company to carry, and afterward reached Jackson, and then went into the hands of the men who were on the committee, and present in defendant's banking house when the transaction took place, that was in the eye of the law a delivery to the defendant. To this portion of the charge an exception was taken.

The exception cannot be sustained. The facts submitted to the jury, if found by them in favor of the plaintiff, would clearly constitute a good delivery to the defendant. The question of acceptance is a separate matter, and was subsequently raised by the requests to charge. That question is material only in case it should be held that the stat-

ute of frauds of this State is applicable to the contract in question, which was made in Mississippi.

The defendant made three requests to charge, which were refused: First. That the contract of sale being oral, delivery to Adams' Express Company for the purpose of transportation was not delivery to the defendant. The ruling upon this request has already been shown to have been correct. The second request was to charge, that unless a promise, in writing, on the part of the defendant is shown, then, inasmuch as no delivery of the goods to the defendant was shown, a delivery to the Mississippi State Fair Association was not a delivery to the defendant. This request was improper, as it assumed a fact which it was for the jury to determine, viz., that no delivery to the defendant had been shown. The third request was to charge, that no acceptance or receipt of the goods by the defendant was shown, and therefore, the contract being an oral one, the section of the statute requiring that part of the goods shall be delivered, or the price or part of it paid, applied to this transaction.

This request raises the two material questions in the case: First, whether there was any evidence of acceptance, and if not, whether the statute of frauds of this State applies to a contract made in Mississippi, in the absence of proof of the existence of any such statute in that State.

In the form in which the case is made up, it is not necessary to determine the last question, provided there is any evidence of acceptance, for the refusal was not to submit the question of acceptance to the jury, or to instruct them that acceptance was requisite, but to charge them that no acceptance was shown. If, therefore, there was evidence from which the jury might have found an acceptance, the request was properly refused, even if the statute of frauds applied.

We think that there was evidence which would have justified the jury in finding an acceptance of the goods by the defendant. The finding of the jury established the facts that the defendant, with other directors of the association, ordered the

goods on the credit of the defendant, who agreed to be individually responsible for the price, not as surety, but as an original undertaking. The evidence clearly established that they were so ordered for the purpose of being distributed as prizes by the directors. That they were sent as directed, and arrived at Jackson, where they were received and taken in charge by Mr. Taylor, one of the associates of the defendant, who was present at and took part in giving the order. That he took them from the depot to his store, where they were exhibited several days before the fair. The defendant himself testifies that the goods purchased, although directed to the defendant, were received by Mr. Taylor, and that the defendant saw them at Mr. Taylor's store on exhibition. There is no pretense that the defendant made any objection to the receipt of the goods by Mr. Taylor, or that any fault was found with them by any one as being deficient, or not conforming to the order, or otherwise, and it was clearly proved by Mr. Taylor and others that they were all distributed as prizes at the fairs of the association, with the knowledge of the defendant.

From this evidence, the jury clearly had the right to infer that Mr. Taylor had authority to receive and accept the goods, and did so, and that the defendant sanctioned his acts. The defendant could legally bind himself for the price, though the goods were purchased for the benefit of the association, and, if received, accepted and used by the association, with the knowledge and sanction of the defendant, he was bound by such receipt and acceptance. It is not necessary, therefore, to pass upon the question whether our statute of frauds applied. The cause was tried upon the theory that it did, as is shown by the charge that if the defendant became responsible only as surety for the association, his undertaking was void, because the statute of frauds required that the contract should be in writing. It appears to have been assumed that proof of acceptance was necessary, although that was not expressly charged. It is to be presumed that the judge would have so charged in terms if re-

quested; but the only request made was to say to the jury that there was no proof of acceptance. In refusing this request he was clearly right.

This disposes of all the exceptions, except those taken to the admission in evidence of certain lists or memoranda. These exceptions have been elaborately and ingeniously argued; but, without going into detail, it is sufficient to say that the admission of the papers in evidence cannot possibly have affected the result. They were all introduced for the sole purpose of proving the packing and shipment of the goods as directed, in conformity with the order. The actual receipt of the goods at Jackson was clearly proved by the testimony on the part of the defendant, and was not controverted. The only issues were, whether the delivery was to the defendant or the association, and whether he or the association was responsible for the price. The defendant and his associates, present at the giving of the order, all testify that the goods arrived at Jackson, were exhibited at Mr. Taylor's store, and afterwards distributed as prizes; and to make the matter still more definite, Mr. Taylor testifies that when the goods arrived at the depot, he received them and compared them with the invoice, and then exhibited them at his store until the day of distribution at the fair. Mr. Taylor knew what goods had been ordered, but there is no suggestion that those received did not conform to the order, or that any article charged for was missing. In the face of this testimony, produced on the part of the defendant, it is idle to go back to the evidence of the packing and shipment of the goods in Connecticut. Furthermore, the answer expressly admits the delivery of the goods mentioned in the complaint, but avers that the delivery was to the association, and not to the defendant. There was but one order and one shipment, so there can be no doubt as to the identity of the goods received. It is urged that the introduction of the papers was prejudicial to the defendant, because the lists were headed with the name of Thomas Green, the defendant, as purchaser. No specific

objection was taken on that ground, and the lists do not appear to have been introduced as bearing upon the question of the liability of the defendant, but for the purpose of showing that the goods were correctly put up for shipment. Exhibit two was the original order forwarded to the plaintiffs by their agent, and upon which they acted. It was headed Thomas Green, but this was no evidence that he was liable as purchaser without proof that he authorized the agent to give the order in his name. With such proof it was competent as a communication of his order by the agent to his principles. Exhibit one was the entry in the order book of the plaintiff, and was also headed with the name of Thomas Green. It was competent to show that the plaintiff acted on the order and charged the goods to the defendant. The question whether he undertook to pay for them was not affected by these papers, but depended on the testimony of the plaintiff's agent as to what passed at defendant's office in Jackson, and that was the testimony upon which the question was submitted to the jury by the charge of the court. Unless the jury gave credit to that testimony, they could not have found for the plaintiff. If they did give credit to it, the memoranda or lists were entirely immaterial, and could not have prejudiced the defendant. It does not appear that on the trial it was pretended or supposed by any one that they had any bearing upon the question of the liability of the defendant, or that they were introduced for any purpose except to prove the shipment of the property. The questions raised are extremely technical, and we think that no sufficient ground for a reversal of the judgment has been shown.

The judgment should be affirmed.

All concur, except ALLEN, J., absent.

Judgment affirmed.