JOSEPHINE CORDIER, ADMINISTRATRIX, &c., OF ROSINE CORDIER, Respondent, *against* HENRY THOMPSON Appellant.

(Decided December 2d, 1878.)

A complaint will not be held bad as not stating facts sufficient to constitute a cause of action because it contains no express allegation that the plaintiff sues in a representative capacity, if the complaint contains the essential averments show ing that the plaintiff has such representative capacity, and fairly apprises the defendant that the intent of plaintiff is to prosecute in such capacity.

It is not necessary for an administratrix, suing in a representative capacity upon a non-negotiable note, alleged in the complaint to have been delivered to her intestate, to allege that the note is in her possession. The burden of proof is upon the defendant to show that the note has been parted with by the plaintiff or the plaintiff's intestate.

A guaranty of the obligation of a principal arising from a written agreement "to return," at a definite time, a definite sum of money borrowed, is a guaranty of *payment* and an absolute undertaking, for the enforcement of which neither a demand on the principal nor notice to the guarantor of default are prerequisite.

APPEAL from a judgment of the Marine Court of the city of New York, entered upon a decision of the general term of that court. affirming a judgment entered upon a verdict for the plaintiff, rendered at a trial term of that court, and affirming an order of that court overruling a demurrer to the complaint.

This action was brought by Josephine Cordier, as administratrix of Rosine Cordier, deceased, against Henry Thompson, on the following written contract of guaranty :

"NEW YORK, *July 20th*, 1875.

" I acknowledge to have received from Miss Rosine Cordier the sum of fifteen hundred dollars, also a promissory

note for $500, payable November 12th, 1875, making in all two thousand dollars, which sum I agree to return, without interest, at the expiration of two years from present date.

"JANE FERRERO.

"I guarantee the above obligation.

"HENRY THOMPSON."

A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was overruled.

At the trial defendant offered no evidence, and the jury, by direction of the court, returned a verdict for the plaintiff, to which direction defendant excepted. The alleged defects in plaintiff's pleading and proof relied upon by defendant appear from the opinion.

*Betts, Atterbury & Betts*, for appellant.

*F. J. Moissen*, for respondent.

VAN HOESEN, J.—Although the plaintiff does not expressly aver that she brings the action in her capacity as administratrix, and although the addition of the words "administratrix of the goods and chattels of Rosine Cordier" in the title of the complaint is a mere *descriptio personœ*, I think a fair construction of the pleading shows that the plaintiff sued in her representative character. There is no doubt that a good pleader will never omit to place the word *as* between the surname of his client and the word administrator whenever he brings suit for the legal representative of an intestate. It has been said the word *as* was, in such a case, indispensable (*Henshall* v. *Roberts*, 5 East, 154), but it would be a departure from the system of pleading ·established in New York if we should revive the strictness of the common law forms. Pleadings are to be liberally construed with a view to substantial justice (Code Civil Proc. § 519), and courts will not search for flaws if the substance of a good cause of action, or of a good defence, is stated by the pleader with sufficient clearness to apprise adverse parties of the issues to be tried. It is conceded that the complaint is not defec-

tive in its allegations of the making and delivery of the instrument made by Mrs. Ferrero, and of the guaranty thereof made by the defendant. It is alleged that both the instrument and the guaranty were delivered to one Rosine Cordier at the time of the loan to Mrs. Ferrero, and then there are averments of the death of Rosine, of her residence in the city of New York at the time of her death, of her intestacy, of the time, place and manner of the appointment of the plaintiff as her administratrix by the surrogate of the city and county of New York, and of the entering of the plaintiff upon her duties as administratrix. These allegations would be useless, and worse than useless, unless the plaintiff were suing in her representative character, and they are pleaded so that the defendant could take issue upon them. (*Sheldon* v. *Hoy*, 11 How. Pr. 12; *White* v. *Joy*, 13 N. Y. 83.) The defendant could not fail to understand that the plaintiff was proceeding as administratrix to collect a demand which he owed Rosine Cordier in her lifetime, and which the plaintiff alleged to be part of the estate of the deceased. She stated every fact essential to the establishment of her title as administratrix, and if the facts alleged were all proved at the trial, would it not be a mere mockery of justice if the plaintiff, with the note in her hands, should be turned out of court for failing to use a technical expression, which, if used, would not have aided the defendant's defense? The case of *Hallett* v. *Harrower* (33 Barb. 537) is directly in point, and it disposes of the defendant's first ground of appeal.

The objection that the complaint does not allege that the paper sued upon is the plaintiff's, and in her possession, is not tenable. The paper was non-negotiable, and delivered to the plaintiff's intestate. If it had been parted with by the intestate or by the plaintiff it was for the defendant to show the fact. (*Peets* v. *Bratt*, 6 Barb. 664.)

The most serious question in the case is, whether the guaranty of the defendant is an absolute or merely a contingent undertaking. I think it must be construed to be a guaranty of payment, and, therefore, an absolute understanding. The principal instrument is a non-negotiable promissory

note. It is a promise to pay Rosine Cordier, absolutely and at all events, the sum of two thousand dollars two years after date.

The consideration for the note is expressed upon its face, being the loan of fifteen hundred dollars in cash, and the transfer of a note for five hundred dollars, payable November 12, 1875. It is agreed that that note shall be accepted by Mrs. Ferrero, the borrower, as so much cash. It is not to be accounted for, nor does the obligation to pay Rosine depend upon Mrs. Ferrero's success in collecting it. She agrees to pay two thousand dollars at the end of two years, absolutely and at all events. Upon that note, at the time the money is lent, the defendant writes : " I guarantee the above obligation, Henry Thompson." What obligation is it that he guarantees? That of paying Rosine the money borrowed at the expiration of two years. There is no condition expressed, and none implied. His guaranty is not of Mrs. Ferrero's responsibility, but that she shall pay at maturity. Upon a guaranty like that, he was not entitled to demand and notice, but became liable to pay the very instant that Mrs. Ferrero was in default. (*Brown* v. *Curtiss*, 2 N. Y. 227, 228; *Barhydt* v. *Ellis*, 45 N. Y. 110; *Allen* v. *Rightmere*, 20 John. 366.)

None of the other points taken by the appellant seem to me to require comment.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed, with costs.