MICHAEL W. KENNEY, Respondent, *against* HENRY MASEMANN, Appellant.

(Decided January 3d, 1888.)

In an action on a written guaranty of the performance of a contract in writing, it appeared that defendant's wife purchased plaintiff's butchershop, entering into the agreement guaranteed, which, after reciting such sale and purchase, was as follows: "I hereby covenant and agree to pay and discharge all the debts of said business out of the assets thereof so as aforesaid sold and assigned to me, and thereto charge and bind any and all separate property I have or may hereafter become possessed of, with the payment, first, of the sum of $2,175, the consideration money of said purchased property, evidenced by a note . . . ; and secondly, with the payment of all the debts and liabilities of said Kenney incurred in and about said business which I have hereby assumed; and thirdly, with the rent of said building," etc. *Held*, in an action to recover the amount of one of the notes given on such transfer, (1) that the agreement was a part of the consideration for the sale, it being entered into at the time of the sale; (2) that the vendee bound herself absolutely to pay the debts of the business, and not alone out of the assets; (3) that the vendee, by the agreement, bound

her separate estate to pay the notes, and on their non-payment defendant was liable as guarantor without previous demand; (4) that the lapse of the statutory period of limitation of six years between the maturity of the note in suit and the commencement of the action, was not a good defense, the agreement being under seal; (5) that plaintiff was not guilty of laches barring his recovery, there being no request to sue the vendee or any agreement for forbearance; (6) that a judgment against plaintiff obtained by default on a demurrer to his complaint in an action against the maker of the note, was no bar to this action, it not being rendered on the merits; (7) that the note being made payable on demand with interest at a time when the legal rate was seven per cent., such rate must govern until payment, and defendant having guaranteed " full performance " was bound to pay the same rate; (8) that the admission by the referee of irrelevant testimony by plaintiff was no ground of reversal, where the defendant offered no evidence, and the evidence could not have influenced the referee on the question of fact in the case.

APPEAL from a judgment of this court entered upon the report of a referee.

The facts are stated in the opinion.

*William A. Copp*, for appellant.

*Fernando Solinger* and *James F. Pendleton*, for respondent.

BOOKSTAVER, J. — On the 22d day of December, 1876, the plaintiff, being the owner of a business on the corner of Fourth Avenue and Nineteenth Street, sold the same to defendant's wife, and as a consideration therefor, she made her notes, one for $2,000, and the other for $175, and delivered them to the plaintiff. At the same time she gave a chattel mortgage on the property sold to secure these notes; and also executed an agreement under seal, of which the following is a copy:

" In consideration of the sale and transfer to me, by Michael Kenney, of the good will and fixtures of the butcher business lately carried on by him at the northeast corner of Fourth Avenue and Nineteenth Street, in the City of New York, in which I propose to carry on the said

Kenney *v.* Masemann.

business, I hereby covenant and agree to pay and discharge all the debts of said business out of the assets thereof so as aforesaid sold and assigned to me, and thereto charge and bind any and all separate property I have or may hereafter become possessed of with the payment, first, of the sum of two thousand one hundred and seventy-five dollars, the consideration money of said purchased property, evidenced by a note on demand dated this day for the sum of two thousand dollars and a note due February 1st, 1877, one hundred and seventy-five dollars; and secondly, with the payment of all the debts and liabilities of said Kenney incurred in and about said business which I have hereby assumed; and thirdly, with the rent of said building on the corner of said avenue and street to be by me paid monthly on the first day of each month, viz., the monthly rent of two hundred and eight $\frac{35}{100}$ dollars, till the first day of May, 1878, and $250 a month during the next three years after.

"Witness my hand and seal this 22d day December, 1876.

"HATTIE MASEMANN. [L.S.]
"In the presence of
JAMES F. THOMSON."

On the same paper the defendant executed an instrument, also under seal, which reads as follows:

"In consideration of $1, to me in hand paid, I hereby become surety for and guarantee unto Michael W. Kenney and his assigns for the full, faithful, and complete performance by Mrs. Hetty Masemann of the foregoing agreement.

"In witness whereof I have hereunto set my hand and seal, this 22d day of December, 1876.

"HENRY MASEMANN. [L.S.]
"Witness,
JAMES F. THOMSON."

Both of these instruments were duly acknowledged.

This action is brought by the plaintiff against the defendant, on the contract last set forth, to recover the amount

due upon the $2,000 note mentioned in the agreement with defendant's wife, no part of which has been paid.

The referee found in plaintiff's favor, and, on his report, judgment was entered and this appeal taken.

The referee has found that the agreement between Mrs. Masemann and the plaintiff was given as a part of the consideration moving to the sale of the business to her; and we think the evidence justified such finding.    The testimony shows that the agreement and the notes were delivered to the plaintiff at the same time, although the notes were signed first and the agreement itself recites that it was made "in consideration of the sale and transfer to her of the business;" and this is not overcome by the fact that the same agreement recites that the sum of $2,175 was "the consideration money of said purchased property." Both recitals are consistent.    The notes for $2,175 were the "money consideration," and the agreement in dispute a further consideration, both together making the full consideration moving the plaintiff to the sale.

This agreement then being a part of the consideration for the sale, and the defendant having guaranteed "the full, faithful, and complete performance" of it, his liability turns upon the interpretation to be given the agreement.

Defendant first contends that by it Mrs. Masemann only bound herself to pay the debts of the business conveyed out of the assets.    Such a construction would compel us to wholly disregard the paragraphs numbered first, second, and third, and the clause in reference to her separate estate. This should not be done if effect can be given the whole instrument.

If we omit the word "thereto" in the opening paragraph of the agreement, which seems to us meaningless as it stands, or give to it the only meaning it can have, which is, "to this end," then the entire agreement can have effect; and the intention of the parties clearly appears to have been that Mrs. Masemann by the instrument bound herself to pay the debts of the business out of the assets; and also to charge her separate estate with the payment, (1) of the

notes given as the " consideration money " for the purchase, (2) with the payment of the debts of the business if the assets were not sufficient, and (3) with the payment of the rent of the place as it became due.

But defendant contends that, even if this construction is given the instrument, it contains no covenant on her part to pay the notes.

These notes were a part of the consideration for the sale; and the $2,000 note contains an express promise to pay. The agreement renews this promise by binding her separate estate for its payment; and she thereby devotes her entire property to secure this end.

We think that the interpretation put upon the agreement by us further appears to have been the intent of the parties, from the fact that the note for $175 was paid by the defendant, after its maturity. But the $2,000 note was not paid according to the terms of the agreement, and the defendant guaranteed "the full, faithful, and complete performance " of it. Under such circumstances, it was not necessary to make a demand on the defendant before commencing the action (*Cordier* v. *Thompson*, 8 Daly 172). It is the duty of a guarantor of payment, to pay himself when the debt matures; and he can then protect himself, by enforcing the obligation of the principal (*Newcomb* v. *Hale*, 90 N. Y. 326).

Nor did the statute of limitations bar plaintiff's claim, because more than six years elapsed between the maturity of the notes and the commencement of the action. The agreement is under seal, and the statute of limitations is not pleaded.

Defendant also contends that the plaintiff should not recover, because he has been guilty of laches.

The defendant never made a request of the plaintiff to sue Mrs. Masemann. Mere forbearance or omission of the creditor to sue will not discharge a surety, much less a guarantor, unless the creditor is under some obligation to sue, or unless forbearance would prejudice the claim of the surety upon the principal, and thereby work his injury.

There must be some binding agreement between the creditor and the principal, giving time, whereby the former has tied his hands, so that he cannot proceed to collect, before such forbearance will affect his claim upon the surety (*McKecknie* v. *Ward*, 58 N. Y. 547; *Clark* v. *Sickler*, 64 N. Y. 231; *Board of Supervisors* v. *Otis*, 62 N. Y. 88). In this case there was no obligation to sue promptly; and it is not shown that defendant's claim against his wife was in any way prejudiced by the delay.

The defendant contends that plaintiff, having been defeated in an action upon the note brought by him against Mrs. Masemann, cannot recover in this action.

Judgment, on that action, was on a demurrer, and was obtained by default. Such a judgment is, in no sense, one upon the merits, and is not a bar to this action (*Gilman* v. *Rives*, 10 Peters 301). But, if it were, it was necessary to plead it as an estoppel; and it is not set up in the answer (*Leonard* v. *Baker*, 5 Denio 220; *Krekeler* v. *Ritter*, 62 N. Y. 372).

Defendant also claims that, even if plaintiff was entitled to judgment, the defendant should not be charged with interest after January 1st, 1880, at a greater rate than six per cent.

But the note was made payable on demand, with interest, from December 22d, 1876. The statutory rate of interest, at the time, was seven per cent.: and that rate must govern until payment (*O'Brien* v. *Young*, 95 N. Y. 428). Inasmuch as Mrs. Masemann would have been bound to pay this note, the defendant, who guaranteed the full and complete performance of the agreement, is bound to pay the same rate.

A number of exceptions were taken to the admission of evidence, on the trial. Some of these exceptions were well taken, as the evidence admitted under them was entirely irrelevant to the issues. But, as the defendant offered no testimony, and the evidence so admitted could not have influenced the referee in determining the only question of fact in the case, a new trial will not be ordered on that account (*Beach* v. *Raymond*, 2 E. D. Smith 497; *Wilcox*

*Silver Plate Co.* v. *Green*, 72 N. Y. 24; *Lerche* v. *Brashar*, 104 N. Y. 157).

Judgment should be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.