568 PEOPLE ex rel. TEL. CO. *v.* COM'RS OF TAXES, ETC.

FIRST DEPARTMENT, JANUARY TERM, 1884.

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
THE MUTUAL UNION TELEGRAPH COMPANY,
APPELLANTS, *v.* THE COMMISSIONERS OF TAXES AND
ASSESSMENTS OF THE CITY OF NEW YORK,
RESPONDENTS.

*Taxation — review of an assessment under chapter* 269 *of* 1880 — *assessment of the capital stock of a telegraph company — duty of the company to make a proper statement as to the actual costs of its works —* 1853, *chap.* 471, *sec.* 3.

The relator, a telegraph company incorporated under chapter 471 of 1853, was assessed by the tax commissioners of the city of New York upon its capital stock the sum of $600,000, which was the amount of its paid-up capital stock. Between the opening of the tax books on the second Monday of January, 1881, and the closing thereof on the thirtieth of April of that year, the relator failed to make a proper return, although notified by the commissioners so to do. On June 6, 1881, a statement, verified by the relator's secretary, was left at the office of the commissioners, which stated that the capital stock of the relator paid in was $600,000; that the stock had no market value, and that the personal property of the relator in the city did not exceed the value of $300.

Upon an application for a review of the assessment made under chapter 269 of 1880:

*Held*, that the statement presented to the tax commissioners in June was filed too late.

That as the company had failed to make "a true report of the cost to such company of their works within the State," as required by the third section of the act under which it was formed, the commissioners had the right to assess its capital stock according to the best information they could procure.

That the decision of the tax commissioners should be affirmed.

APPEAL from an order made at a Special Term, confirming the decision of the tax commissioners.

*Peabody, Baker & Peabody*, for the appellants.

*George P. Andrews*, for the respondents.

BRADY, J.:

The relator is a telegraph company incorporated under chapter 471 of the Laws of 1853. In the year 1881 it was assessed upon $600,000 capital, which sum was paid up at the time the assessment was imposed. In July, 1881, an application was made for a writ of *certiorari*, under Laws of 1880, chapter 269, to review the action

of the tax commissioners in making the assessment. Upon the hearing on the writ and return, which seems to have taken place in December, 1881, a reference was ordered for the purpose of taking such testimony as might be offered by the respective parties to the proceeding. The testimony tended, as suggested by the justice presiding in the court below in his opinion, strongly to show that while the tax books were open for correction, between the second Monday of January, 1881, and the thirtieth of April following, the period prescribed by the act of 1859, chapter 302, notices were given in writing and verbally to the officers of the company calling upon them to make a proper return to the tax commissioners, although it may be here observed there is no provision of the statute requiring such notice to be given. No application to correct the tax was made during the period stated, and the assessment of the sum named was in consequence permitted to remain upon the books, which were closed, as required by the provisions of the act of 1859 (*supra*) on the first of May in order, as also required by law, that the tax commissioners might prepare the assessment-rolls. These rolls were in due time prepared and the sum named, as it appeared upon the books of the annual record, was copied from the rolls and sent to the board of aldermen, who imposed a tax upon the relators. Subsequently, on the 6th of June, 1881, a statement signed by the secretary of the company and sworn to before a notary public, was left at the office of the tax commissioners, in which it was stated that the capital stock paid in was $600,000; that the stock had no market value, and that the personal property of the relator in the city did not exceed the value of $300.

The learned judge in the court below held that the application or statement filed with the tax commissioners came too late, and that as the company had failed to make the statement required by law in time, he agreed with the counsel for the corporation that the deputy tax commissioners had the right to assess the capital stock of the relator according to the best information they could procure, citing the cases of the *People ex rel. The Utica and Black River Railroad* v. *Shields* (6 Hun, 556); and further holding that the assessment was not illegal, erroneous or unequal, for the reason that if it was higher than it should have been, the over valuation arose from the fault of the relator in not complying with the provisions of

chapter 471 of the Laws of 1853, under which it was organized, and which by its third section provides as follows:

"Every such company owning or using a line of electric telegraph, partly within and partly beyond the limits of this State, shall render to the proper officer a true report of the cost to such company of their works within the State; and the stock of such company in amount equal to such cost, or the dividends thereof, shall be subject to taxation in the same manner and at the same rate as the stocks or dividends of other companies incorporated by the laws of this State are subjected."

It is not disputed that the relator was subject to taxation in the city of New York, and indeed such a contest could not be well maintained. The Revised Statutes (see vol. 2 [7th ed.], 1036) provide that all moneyed or stock corporations deriving an income or profit from their capital, or otherwise, shall be liable to taxation on their capital in the manner prescribed, and require that the president, cashier, secretary, treasurer, or other proper officer of such company shall, on or before the first day of July in each year, make and deliver to the assessors, or one of them, of the town or ward in which such company is liable to be taxed, according to the provisions of the sixth section of the second title of the chapter, a written statement. By the act of 1857, chapter 456, it is declared that the capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds exceeding ten per cent of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company, which are taxable on their capital stock or under the laws of this State, shall be assessed at its actual value, and taxed in the same manner as the other personal and real estate of the county. And the provisions of the Revised Statutes just cited relate to the power of taxation conferred by the act of 1857. Whatever may have been the duty of the company to the State it is quite clear, as already suggested, that there was no statement made to the tax commissioners, who were the officers invested with the subject of taxation, and were the proper officers, so far as related to the county of New York, with whom the required statement should be filed.

The section cited from the law of 1853 expressly declares that the "stock of such company, in amount equal to such cost, or the dividends thereof, shall be subject to taxation in the same manner, and at the same rate, as the stocks or dividends of other companies incorporated by the laws of this State are subject." And it would appear from this consideration of these different provisions, that it would be subject to taxation for the actual cost of its lines within this city, and for such personal property or real estate also as it might own in this city at least. These statutes in reference to statements have not been complied with, and between the first Monday of January and the 30th day of April, 1881, during which period they had the right to correct the tax books, on application duly made, no such statement appears to have been furnished.

The relators contend, it is true, that the proper officer referred to in the section is not named, and for this reason they were not obliged to make the contemplated statement to the tax commissioners. This view cannot be sustained. It was incumbent upon the defendants to discover, by inquiry, who were the officer or officers having the power to impose assessments or taxes in each county through which their lines passed. If such inquiry had been made, it would have been ascertained that the tax commissioners were the proper persons to whom to make the report in this case. As we have seen from the opinion of Judge LAWRENCE, it has been held that where a company failed to make the statement required, the assessors had the right to assess the capital stock according to the best information they could procure. If the relator has been assessed beyond the sum which should be imposed, it results from its negligence, and it must bear the burden. A compliance with the statute of 1853 would have rendered it the duty of the commissioners, doubtless, to limit the assessment as already suggested herein, and would have prevented in that way the imposition of a sum in excess of what was right.

In view of the omission of the relator to file the statement mentioned, and to present its objections to the tax commissioners before the books were closed, and of the facts existing apparently at the time of the action of the board of aldermen in reference to it, there was nothing to show that the assessment was illegal, erroneous, or unequal, and therefore there is nothing under the provisions of

chapter 269 of the Laws of 1880 calling upon this court to make the correction which the relator seeks in this proceeding. The Court of Appeals, in their consideration of that act, declared, in the case of the *People ex rel. The Westchester Fire Insurance Company* v. *Davenport et al.* (91 N. Y., 574), that there was nothing in it by which it was intended to exempt the property of corporations affected thereby from local taxation.

The result of a consideration of the whole case, is, that the disposition made of it in the court below, is correct, and that the action of the commissioners should be affirmed, and the writ dismissed.

Davis, P. J., and Daniels, J., concurred.

Decision of commissioners affirmed, and writ dismissed.