Oakley J.
The plaintiff in this case moves for a new trial, for the misdirection of the Judge. It is a special action on the case, to recover damages for the refusal of the defendant to deliver certain articles, in pursuance of orders, drawn on and accepted by him, and subsequently negotiated to the plaintiff. It appeared in evidence, that the defendant delivered a portion of the articles, under the orders, and then refused to proceed any further, on the delivery, alleging that he had been defrauded by the person, who drew the orders. Articles, however, of the same description were subsequently furnished by the defendant to the plaintiff, and as *225 action was brought in the Court of Common Pleas, to recover the amount of his bill. That action was tried in the Common Pleas, and the same evidence was given as in the present case. The present plaintiff then contended, that the goods in question were delivered under the said orders, and his defence, according to the evidence given by his counsel, Mr. Lord, was rested on the ground, that the then plaintiff was bound to deliver the articles, under the said orders, and could not rescind them. The Judge, at that trial, charged the Jury, as Mr. Lord stated, that Kelly had a right, whenever he pleased, to refuse delivering any more goods on the orders. The Jury in that case found a verdict for Kelly, for the goods furnished subsequent to the notice given by him to Smith, that he would not consider the orders as any longer binding upon him.
If the charge of the presiding Judge, at that trial, was correctly stated by Mr. Lord, it cannot be doubted, that the same questions, both of law and fact, were then considered, which have arisen in the case now before us; and the Jury, in the former case, must have found their verdict in pursuance of the rule laid down by the Judge. If that decision of the Court of Common Pleas was erroneous, the present plaintiff should have excepted to it. He cannot review it in a new action. Having acquiesced in the law, as pronounced by a court of competent authority, he is bound by it. There was, therefore, no error committed by the Judge' in the present case, in instructing the Jury, that if they believed the testimony of Lord, the former trial was conclusive between the parties. The motion for a new trial must therefore be denied.

Motion for a new trial denied.

[James Smith, in pro. per. Atty. for the plff. Chas. O’Conner, Atty. for the deft.]