SARAH L. TOLES, Respondent, *v.* GEORGE ADEE et al., Executors, etc., Appellants.

Where the contract of a surety is not an absolute guaranty of payment of a debt of his principal, but simply an undertaking of such a nature that proceedings must be taken against the debtor before the obligation of the surety to pay arises, the law implies a condition on the part of the creditor that due diligence shall be used in proceeding against the principal; and to establish a defense based on a breach of this condition, it is not necessary for the surety to show a request on his part to the creditor to proceed, and damage resulting to him from a failure to comply.

In 1867, S., defendant's testator, for the purpose of procuring the discharge of A. from arrest, under an order of arrest issued in an action brought against him by plaintiff, executed an undertaking to the effect that A. would at all times hold himself amenable to process issued to enforce the judgment. In July, 1868, plaintiff obtained judgment. A. remained within the jurisdiction of the court until December, 1868, when he left the State, he returned in February, 1869, to his former home and remained about a month. S. died in 1870. A. returned again to the State in June, 1871, where he remained, openly visiting in plaintiff's neighborhood, for five or six weeks. Plaintiff did not enter judgment until April 21, 1874; execution was issued thereon against the property of A. on April 23, which was returned unsatisfied, and on May 4, 1874, an execution against the person was issued and returned not found. In an action upon the undertaking defendant gave evidence to the effect that in October, 1868, and in June, 1871, notice to proceed was given to plaintiff's attorneys. The court submitted to the jury the question as to whether plaintiff's delay in entering judgment and issuing process had injured or impaired the rights of the surety, charging in substance, that if no injury had resulted therefrom, plaintiff was entitled to recover. *Held* error; that the entry of judgment and issuing of process against the testator's principal were conditions precedent to the liability of the surety, that a neglect to perform such conditions with due diligence discharged the surety; and that the facts conclusively established *laches.*

Also *held*, that, conceding it to have been necessary for the defense to prove injury to the surety by the delay, such impairment and injury were conclusively established, and the submission of the question to the jury was error.

The distinction between the case of a surety absolutely liable, and one whose liability depends upon the performance of conditions precedent pointed out.

Evidence was given on the part of the plaintiff that in August, 1868, S. requested plaintiff not to proceed further in the action. *Held*, that assuming this to have been established, the request could not be deemed to continue after the death of S., and even without any request upon the part of the defendants, his executors, if plaintiff desired to hold the estate responsible, it then became her duty to use due diligence, which she failed to do.

(Argued January 24, 1883; decided March 13, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought against defendants as executors, etc., of Stephen B. Adee, deceased, upon an undertaking executed by said testator.

The case is reported upon a former appeal in 84 N. Y. 222.

The undertaking recited in substance the arrest of Augustus W. Adee by virtue of an order of arrest issued in an action wherein the plaintiff here was plaintiff and said Augustus W. Adee was defendant, and by it the said Stephen B. Adee did "undertake, in the sum of $2,000, that if the defendant is discharged from arrest, he shall at all times hold himself amenable to the processes of the court during the pendency of this action and to such as may be issued to enforce the judgment thereof."

The material facts are stated in the opinion.

*George Adee* for appellants. By title 7, chapter 1, Code of Procedure, no bail or security can be taken of a person while under arrest, except as prescribed by said act. (*Winter* v. *Kinney*, 1 N. Y. 365; 3 Blackst. Com. 277, 288; 2 R. S. 348, § 7; *Julian* v. *Rathbun*, 39 N. Y. 369; *Hardman* v. *Bowen*, id. 196, 198; *Briton* v. *Lorenz*, 45 id. 51; *Randall* v. *Sackett*,

77 id. 480, 482 ; *U. S.* v. *Pierce,* 9 How. 83.) The undertaking is void under 2 R. S. 286, § 59, as taken by the sheriff *colore officii.* (*Toles* v. *Adee,* 84 N. Y. 222 ; *Cook* v. *Freudenthal,* 80 id. 205 ; *Winter* v. *Kinney,* 1 id. 365 ; *Shaw* v. *Tobias,* 3 id. 188 ; *Richardson* v. *Crandall,* 48 id. 348 ; *Sullivan* v. *Alexander,* 19 Johns. 233 ; *B'k of Buffalo* v. *Boughton,* 21 Wend. 57 ; *Barnard* v. *Viele,* id. 88 ; *People* v. *Meigham,* 1 Hill, 298 ; *Newton* v. *Pope,* 1 Cow. 109 ; *Lamer* v. *Meeker,* 25 N. Y. 261 ; *Rudd* v. *Davis,* 2 Hill, 287 ; affirmed, 7 id. 529 ; *Seibert* v. *Erie R. R. Co.,* 49 Barb. 583 ; *Satterthwaite* v. *Vreeland,* 3 Hun, 152, 155 ; *White* v. *Stillman,* 25 N. Y. 541 ; *Draper* v. *Stouvenel,* 38 id. 219 ; *Fellows* v. *Northrup,* 39 id. 117 ; *Mason* v. *Lord,* 40 id. 476 ; *Sheldon* v. *Sheldon,* 51 id. 354 ; *Fordham* v. *Smith,* 44 How. 472 ; *Robinson* v. *McManus,* 4 Lans. 380, 387 ; *Gordon* v. *People,* 33 N. Y. 501, 514 ; *People* v. *McWhorter,* 4 Barb. 438 ; *People* v. *Dyle,* 21 N. Y. 578 ; *Brooks* v. *Steen,* 6 Hun, 516.) If the verdict and judgment are not against law and the undisputed evidence, they are against the weight of evidence, and a new trial should be ordered. (*Conrad* v. *Williams,* 6 Hill, 444 ; *Townsend Manuf. Co.* v. *Foster,* 51 Barb. 346 ; *S. C.* affirmed, 41 N. Y. 620 *n ; Jackson* v. *Sternbergh,* 1 Caines, 162 ; *Boyd* v. *Colt,* 20 How. 384 ; *Hartman* v. *Proudfit,* 6 Bosw. 191 ; *Eldridge* v. *Reed,* 2 Sweeney, 155.) Proof whether the sheriff understood at the time that he was acting and taking the bond " as sheriff," or as an agent, or intermediary, was proper, and it was proper to show his intentions at the very time. (*Thurston* v. *Cornell,* 38 N. Y. 281 ; *Cortland Co.* v. *Herkimer Co.,* 44 id. 22 ; *Seymour* v. *Wilson,* 14 id. 567 ; *More* v. *Deyoe,* 22 Hun, 223 ; *Rouse* v. *Whited,* 25 N. Y. 170.) A surety is discharged by the neglect of the creditor, upon request of the surety, to proceed against the principal, if thereby the debt has been lost. (*Remsen* v. *Beekman,* 25 N. Y. 552 ; *Colgrave* v. *Tollman,* 67 id. 95 ; *Root* v. *Wagner,* 30 id. 9, 17 ; 4 Mass. 60, 63 ; 6 N. H. m. p. 405.) If a plaintiff neglects to perform with due diligence the conditions precedent, which are necessary to be performed in order to render the

surety liable, the surety is thereby discharged. (*Northern Ins. Co.* v. *Wright*, 76 N. Y. 445; *McMurray* v. *Noyes*, 72 id. 523; *Craig* v. *Parkis*, 40 id. 181; *Row* v. *Pulver*, 1 Cow. 246; *Penniman* v. *Hudson*, 14 Barb. 579; *Burt* v. *Horner*, 5 id. 501; *Van Derveer* v. *Wright*, 6 id. 547; *Newell* v. *Fowler*, 23 id. 628; *Moakley* v. *Riggs*, 19 Johns. 69; *Taylor* v. *Bullen*, 6 Cow. 624; *Thomas* v. *Woods*, 4 id. 173; *Cumpston* v. *McNair*, 1 Wend. 457; *Eddy* v. *Stantons*, 21 id. 255; *Loveland* v. *Shepard*, 2 Hill, 139; Code of Pro., § 288; *Feke* v. *Edgerton*, 3 Abb. 229; *S. C.*, 5 Duer, 681; Code of Civil Pro., § 572; *Sumner* v. *Osborn*, 11 N. Y. Weekly Dig. 25; *Randall* v. *Sackett*, 77 N. Y. 480, 482.) The omission to enter judgment and issue process was a fraud in law, implied or constructive. (1 Story's Eq. Jur., § 187; 2 Kent's Com. m. p. 483, note *d.*) Where a judge leaves it for a jury to infer a fact not warranted, it is error, and a new trial will be granted. (*Gale* v. *Wells*, 12 Barb. 84; *Harris* v. *Wilson*, 1 Wend. 511; *Story* v. *Brennan*, 15 N. Y. 524; *Milbank* v. *Dennistoun*, 21 id. 386.) A verdict against undisputed evidence should be set aside. (*Lamer* v. *Meeker*, 25 N. Y. 361; *White* v. *Stillman*, id. 541; *Seibert* v. *Erie R. R. Co.*, 49 Barb. 583.) The court will examine questions of fact as well as questions of law. (*Goodwin* v. *Conklin*, 85 N. Y. 21; Code, § 1337; *Tate* v. *McCormack*, 23 Hun, 218; *Halpin* v. *Third Ave. R. R. Co.*, 40 N. Y. S. C. 175; *Welke* v. *Haviland*, 42 How. 399, 410; *Parsons* v. *Brown*, 12 Hun, 112; *Finch* v. *Parker*, 49 N. Y. 8; *Macy* v. *Wheeler*, 30 id. 231; *Smith* v. *Ætna L. Ins. Co.*, 5 Lans. 545; *Townsend Manuf. Co.* v. *Foster*, 51 Barb. 346, 350–352; affirmed, 41 N. Y. 620; *Adsit* v. *Wilson*, 7 How. 64, 66; *Jackson* v. *Sternbergh*, 1 Caines, 162; *Conrad* v. *Williams*, 6 Hill, 444; *Boyd* v. *Colt*, 20 How. 382; *Thompson* v. *Henck*, 22 id. 431; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506; Starkie on Evidence, part 3, p. 287; 1 Greenleaf on Evidence, §§ 51 a, 52; 1 Phillips on Evidence [3d ed.], 460; *Jackson* v. *Smith*, 7 Cow. 717; *Green* v. *Disbrow*, 56 N. Y. 334, 337.)

*I. H. Maynard* for respondent.    Although evidence is un-contradicted, yet if conflicting inferences may be drawn from it, or if conflicting constructions or meanings may fairly be given to the language employed, it becomes a question of fact and must be submitted to the jury.    (*Smith* v. *Coe*, 55 N. Y. 678.)    Where a witness is interested, his credibility is for the determination of the jury, although he may be uncontradicted. (*Kavenaugh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 id. 609.)    If there was any irregularity or error in the mention of interest in the judgment, it should have been corrected by a direct motion or appeal in that action. (*Jewett* v. *Craine*, 35 Barb. 208.)    The allowance of interest to the amount $46.63 in excess of the penalty of the bond was right.    (*Emmerson* v. *Booth*, 51 Barb. 41; *Brainard* v. *Jones*, 18 N. Y. 35.)    It is always discretionary with the court as to the extent to which a cross-examination of the kind the sheriff was subjected to should be carried.    (*Plato* v. *Riely*, 16 Abb. 188.)    Interest is always a matter proper to be shown as affecting the credibility of a witness, and to be considered by the jury.    (*Kavenaugh* v. *Wilson*, 70 N. Y. 177;    *Gildersleeve* v. *Landon*, 73 id. 609.)

RAPALLO, J.    On the former appeal in this case (84 N. Y. 222) it was held by this court that the undertaking of the defendant's testator, upon which the action was brought, was not valid as a statutory undertaking of bail taken by the sheriff, and, if regarded as having been so taken, it could not be enforced; but that if not taken by the sheriff *colore officii*, but taken by the plaintiff's attorney, in pursuance of an agreement between him and the obligor, it constituted a contract between the parties, valid by the common law, and could be enforced as such.

That so treating it, the defendant's testator stood, not as bail, but as surety, by ordinary contract, that his principal would hold himself amenable to process.    That as such surety he was not entitled to protect himself, as bail might, by the surrender of his principal, but that he had the rights of an ordinary

surety to require due diligence on the part of the plaintiff in pursuing his remedies against the principal; and inasmuch as *laches* in that respect had been charged, we held that the court below had erred in refusing to submit that defense to the jury — and on that ground we ordered a new trial.

On the new trial, which is now under review, it appeared that the undertaking in suit was given by the testator on the 23d of May, 1867, for the purpose of obtaining the discharge of the testator's son, Augustus W. Adee, from arrest under an order of arrest issued in an action instituted against him by the plaintiff, his wife, for a limited divorce. The undertaking was that said Augustus W. Adee should, at all times, hold himself amenable to the processes of the court during the pendency of the action against him, and to such as might be issued to enforce the judgment thereof.

In July, 1868, the action for divorce was tried and a decision rendered therein, which was filed on the 30th of July, 1868, and a copy served on the defendant's attorneys, whereby it was adjudged that the defendant pay certain sums for costs and alimony, and give security for future payments.

There was evidence that at some time during the month of August, 1868, the defendants' testator sent a verbal request to the plaintiff not to proceed further or make more costs, saying that he would see the matter settled up. But the defendant, George Adee, testified that in the month of September or October following, he served written notice upon the attorneys for the plaintiff, requiring them to proceed and tax their costs and enter their judgment.

The giving of this notice was denied on the part of the plaintiff, and was one of the issues on the trial of this action.

Augustus W. Adee, the defendant in the divorce suit, remained within the jurisdiction of the court until December, 1868, when he went to Chicago and was absent until February, 1869, when he returned to this State and remained about one month, then again left.

In February, 1870, the testator died, leaving a will whereby the defendants were appointed his executors, and they qualified as such in March, 1870.

Augustus W. Adee, in June, 1871, returned to this State, where he remained, openly visiting his acquaintances in plaintiff's neighborhood, for five or six weeks. On the day after his arrival the defendant, George Adee, as he testifies, went to the office of the attorneys for the plaintiff in the divorce suit and informed them of the presence of Augustus W. Adee, and that he would remain five or six weeks, and again notified them to tax the costs, and enter judgment and issue execution; and he, the respondent George W. Adee, being the attorney for Augustus W. Adee in the divorce suit, testifies that he further offered, for the purpose of saving time, to stipulate the amount of costs or accept service of notice of taxation.

This conversation was also denied and was one of the issues on the trial of this action.

The plaintiff entered no judgment and took no steps in the divorce suit until March, 1874, when new attorneys for the plaintiff therein were substituted, and on April 21, 1874, the substituted attorneys entered the judgment, and on the 23d of April, issued execution against the property of the defendant, which was returned, and on the 4th of May, 1874, they issued an execution against his person which was returned not found. Thereupon they presented a claim against the estate of the testator upon said undertaking, which being rejected they brought the present action.

The defendants now claim that error was committed on the trial in the rulings and charge of the judge on the subject of the express requests to the plaintiff's attorneys to proceed in the divorce case, and they also claim that the plaintiff was bound to proceed and issue process with due diligence, without any request, on the ground that the entry of judgment and issuing of such process against the testator's principal, were conditions precedent to the liability of the surety, and that a neglect to perform such conditions precedent with due diligence discharged the surety.

The judge instructed the jury, and the instruction was repeated several times in the course of the charge, that if the acts of the plaintiff in not entering up the judgment and en-

forcing it by issuing process had resulted in injury or damage to the rights of the surety, the plaintiff could not recover; but that if the acts of the plaintiff and her counsel had not in any way injured or impaired the rights of the surety, the plaintiff was entitled to recover, provided the undertaking was not taken by the sheriff under color of his office, as statutory bail.

The judge also submitted to the jury the question of the notices claimed to have been given in the fall of 1868, and in June, 1871, requiring the plaintiff to enter up judgment and proceed thereon, and further charged them as follows: "I submit to you to say whether the plaintiff in this action, who was the plaintiff in the action for divorce, has by her acts in neglecting to enter this judgment until the lapse of these years, neglecting to issue the execution against the defendant when he was in the county of Delaware and might have been taken perhaps, whether or not she has been guilty of *laches* or neglect *which has injured the rights of the defendants' testator, Stephen B. Adee,* and if you find that this plaintiff by any neglect *has wrought an injury to the surety* upon this undertaking, then the plaintiff is not entitled to recover."

The court further charged in respect to the verbal request for delay alleged to have been sent by the surety to the plaintiff immediately after the trial, which was testified to by the plaintiff's father, Mr. Gregg, that such request was not a contract but a mere notice which the surety could put an end to, and that if after such request the surety gave notice to proceed, as claimed, and after that notice the plaintiff or her attorney was guilty of negligence in proceeding, *which resulted in injury to the surety,* then the plaintiff would not be entitled to recover; and the judge finally charged the jury that if they found that there had been no negligence which *had wrought injury to the surety,* they should bring in a verdict for the plaintiff.

That there had been negligence in delaying the entry of judgment for nearly six years, could not admit of question, but, as has been seen, the judge in his charge left it to the jury to say whether this negligence had impaired the rights of the surety, or worked injury to him, and made the defense turn

upon their finding in this respect. They were, under the charge, at liberty to find that the notices to proceed were given in October, 1868, and in June, 1871, as testified to by George Adee, but to find a verdict for the plaintiff notwithstanding, on the ground that the neglect or refusal of the plaintiff for upwards of five years, to regard these notices or requests and to enter judgment and issue process, had not, in the opinion of the jury, impaired the rights of the surety, or worked any injury to him.

Exceptions were duly taken to the charge in this respect, and we think it was erroneous in either aspect of the case. Assuming that it was necessary that it should be proved by the defense that the failure to enter judgment and place process in the hands of the sheriff, in pursuance of the request of the surety, or of the present defendants, impaired their rights, or worked injury to them, we are of opinion that such impairment and injury were fully made out by uncontroverted evidence, and that it was error to submit those questions to the jury. As the surety did not stand in the position of bail, he could not protect himself by a surrender of his principal, and his only means of protection were to require the plaintiff to proceed. The uncontroverted evidence shows that for three periods of several weeks each, after the time when the plaintiff was in a condition to enter judgment and issue process, the principal was openly within the jurisdiction of the court, at his former home, and there is no pretense that he could not have been arrested if process had been in the hands of the sheriff. It is impossible to say that the rights of the surety or of the defendants were not impaired, and that they sustained no injury by the neglect of the plaintiff to issue this process, and even his refusal to do so after request, and by the charge the jury were at liberty to go to that extent.

The loss of the opportunity to procure the arrest of the principal, which would have been afforded to the sureties had process been in the hands of the sheriff, was of itself an injury and an impairment of their rights. If it be contended that the sheriff might have refused to return the execution against

his property until the lapse of sixty days, and that by that time he could have departed, it is an answer to that suggestion that it was the fault of the plaintiff that she had not previously had an execution against the property returned, so as to be in a position to issue process against the person. But aside from this consideration it must be observed that the sheriff could have returned the execution against property immediately. In this very case the execution against property was issued April 23, 1874, and was returned and execution against the person issued on the 4th of May, 1874. But the jury would not have been permitted to speculate upon such a remote contingency as that the sheriff would throw obstacles in the way of the issuing of an execution against the person, without any probability of realizing any thing on the execution against property, and at all events the sureties were entitled to the opportunity of procuring the return of the execution against property in due time, and the loss of this opportunity, through the refusal of the plaintiff to proceed, was an injury, and an impairment of their rights. If a surety can be held under such circumstances as those here shown, there is no escape for one who enters into a contract like the one before us, for the only way in which he can prove damage is by showing that the principal was openly within the jurisdiction of the court, and therefore presumably might have been arrested by due diligence on the part of the creditor.

But we think that in a case of this description the law presumes injury and it is not incumbent upon the surety to establish it as matter of fact. The undertaking of the surety was not for the payment of the judgment, but merely that the principal should be amenable to the process of the court. This undertaking was not absolute, but conditional, viz.: that if the plaintiff should issue process, the defendant would be amenable to it, and it was a condition precedent to the accruing of any liability on the part of the surety that process should be issued against the principal.

The point now raised by the counsel for the appellants, that neglect to perform with due diligence the conditions precedent

which are necessary to be performed in order to render a surety liable, discharges such surety, is well sustained, by authority and is in our judgment fatal to the recovery in this case. (*Craig* v. *Parkis*, 40 N. Y. 181, 188 ; *McMurray* v. *Noyes*, 72 id. 523 ; 28 Am. Rep. 180 ; *Northern Ins. Co.* v. *Wright*, 76 N. Y. 445.) This point was clearly raised on the second trial, but the distinction between the case of a surety who is absolutely liable and one whose liability depends upon the performance of conditions precedent, seems to have been disregarded and the case disposed of on the principles applicable. to the first-mentioned kind of suretyship. The cases above cited point out this distinction. Throwing out of view all the evidence as to communications between the parties subsequent to the decision of the divorce suit, the alleged. message of the surety to the plaintiff not to proceed and the alleged subsequent notices requiring her to proceed, this would be a plain case for the application of the rule above cited. Due diligence would have required the entry of judgment and issue of execution immediately or with due diligence after the decision in July, 1868, and it cannot be questioned that after that time there were abundant opportunities to arrest the defendant, and that the delay of nearly six years in entering judgment and issuing execution was any thing but due diligence.

Assuming, on the other hand, that the delay was requested, as alleged, in August, 1868, that request, as remarked by the court at the trial, was not a contract but a mere notice which could be terminated, and it could hardly be deemed to continue after the death of the testator, when new rights intervened, and his liability fell on the shoulders of his executors. Even without any express request on their part, if the plaintiff desired to hold the estate responsible, it then became the duty of the plaintiff to use due diligence to place herself in condition, by entering judgment and issuing execution against Augustus W. Adee, to issue execution against his person, and if she had done so, she could have arrested him when he returned to his former home in 1871. If the request testified to by George W. Adee in 1871 was made, the neglect of her attorneys to

proceed on that occasion was a still more gross violation of the rights of the defendants as sureties. The plaintiff had no right to elect between her remedies against the principal, and her recourse against the estate, and to lie by and refrain from proceeding with due diligence to arrest the principal, for the purpose of ultimately holding the sureties for the debt. It was error so to charge the jury as to make the effect of his *laches* in discharging the sureties depend upon what the jury might find as matter of fact, on the question whether the sureties were injured or their rights impaired.

We do not, however, think that this request to the plaintiff to proceed was essential to the defense of *laches* in this case, but that if the request for delay, alleged to have been made in 1868, was not in fact made, or if made, it was revoked or terminated, it was the duty of the plaintiff to proceed with due diligence to perform the conditions precedent upon which the liability of the estate depended, and that *laches* in this respect operated as matter of law to discharge the estate. Whether such *laches* would have been excused by proof on the part of the plaintiff that Augustus W. Adee was at no time within the jurisdiction after the decision against him, and that no injury could possibly have resulted to the defendants from the delay in issuing execution, it is not necessary now to decide. It is sufficient for the purposes of this case that injury may have resulted and that due diligence on the part of the plaintiff might and probably would have saved the sureties from liability; and here lies the difference between an absolute guaranty by a surety of payment of a debt, and an undertaking of such a nature that proceedings must be taken against the debtor, before the obligation of the surety to pay arises. In the first class of cases no duty rests upon the creditor in the first instance to take any steps against the debtor, and a request to proceed, and damage resulting to the surety from refusal or neglect to comply with the request, must be shown by the surety, to establish a defense. In the last-mentioned class, such proof is not necessary, but the law implies a condition of

the contract of suretyship that due diligence shall be used in proceeding against the principal.

The judgment should be reversed and new trial ordered, costs to abide event.

All concur.

Judgment reversed.