Per Curiam.
The action was upon an undertaking signed by the defendant. In an action by the present plaintiff against one Holt, an order for the arrest of Holt had been executed, and the undertaking, it will be assumed, was given to secure the release of Holt from custody. The order of arrest recited that the “ground of *258 the arrest is the embezzlement and appropriation to his own use, by the said defendant, of funds belonging to said plaintiff, amounting to about $7,000.” The undertaking provided, after referring to the order of arrest “that the above named defendant, arrested as aforesaid, shall at all times render himself amenable. to any mandate which may be issued to enforce a final judgment against him in the action.”
The complaint in the action against Holt alleged “that he appropriated, of the funds belonging to said plaintiff, to his own use, sums equal in amount to $7,000,” and demanded judgment “for the sum of $7,000.” Holt did not appear in the action and an order of reference was made “ to take proof as to the truth of the allegations of the complaint.” The testimony before the referee disclosed that the defendant had embezzled other amounts than such as composed the sum of $7,000, demanded in the complaint, and that the aggregate of the embezzlements was $13,618.66, and this amount was reported as proved. On the report and an affidavit, an order, ex parte was made “that the complaint be amended so as to entitle the plaintiff to recover $13,618.66 . . and judgment is hereby ordered to be entered in conformity with the report of said referee.” Judgment was accordingly entered. Execution, first against the property, and then against the person of the defendant Holt was issued, and return made to the former “ no personal or real pronerty, ” and to the latter “ defendant not found.”
It is to be observed that in reality the amendment added to the complaint new causes of action. The action was not upon contract, or for money had and received, when perhaps the law might imply a single promise to return all the amounts embezzled, but was for embezzlements, each one of which formed a separate cause of action. The amendments not having been served upon the defendant Holt, he had not confessed their truth nor had there been any default of answer as to them. The time to amend as of course had passed. Section 1207 *259 provided that when there is no answer, the judgment shall not be more favorable to the plaintiff, than that demanded in the complaint. To justify a recovery against the present defendant, it would be necessary to hold that she undertook that the defendant Holt, would render himself on an execution upon a judgment which would embrace a claim which the plaintiff had not made against him, and which had not been competently adjudicated between the plaintiff and him.
In Toles v. Adee (91 N. Y. 562), it was held that where, as in the present case, the undertaking was not valid as a statutory undertaking of bail, a defendant was held to the obligations of a surety under a contract voluntarily made upon consideration, and had the rights of such a surety. The inquiry is pertinent, what “final judgment ” did the contract intend should be the foundation of the mandate to which Holt should render himself amenable ? It necessarily must have been a judgment upon the very claim which was then made, and which was the only claim the parties had in view, and not a claim which the plaintiff had not asserted, and of which they and the present defendant were ignorant. 'Whether the defendant would have undertaken that Holt should render himself to a judgment for the amount that it was entered for, is speculative. It is clear that she provided against an unfortunate decision as to this, by contracting only in respect of the claim as it was presented.
Furthermore, she was entitled to the benefit of such action as Holt might take, in respect of any part of the claim which the plaintiff might make erroneously. It certainly was not meant that the judgment should be for a claim of which Holt should have no notice. For these reasons the judge below correctly held, that the plaintiffs had no cause of action. They had not shown a breach of the undertaking.
Other facts were shown, which tended to sustain the defense, on other grounds. The matters that have been examined present that question which on the trial was *260 the most free from doubt, as to whether the case should have gone to the jury.
Exception overruled.