MARCUS M. CASS, APPELLANT, *v.* JAMES SHEWMAN, RESPONDENT.

*Surety — agreement by a surety upon a lease, to pay the rent, etc.— no demand upon the lessee need be made before action — trial of an issue of law, no exceptions need be filed to the decision.*

One Cass leased a farm to Jennie D. Shewman by an instrument, reserving rent, and further providing that the lessee should carry on the farm in a good and farmer-like manner, the performance of which lease was guaranteed in writing by James Shewman, who agreed to fulfill all its terms and conditions not fulfilled by the lessee.

In an action brought upon said guaranty, in which the complainant alleged non-payment of the rent and damages resulting to the property from a failure to care for it in a farmer-like manner, the defendant James Shewman answered, alleging, among other things, that no demand had been made upon the lessee, before the commencement of the action, to pay the rent, or for the performance of the conditions in the lease alleged to have been violated, or for damages for the alleged injuries to the property, and that no legal proceedings had been prosecuted against her.

A demurrer having been interposed to this count of the answer:

*Held,* that the demurrer was well taken.

That no demand was necessary as against the lessee, her agreement being broken when she failed to pay and violated the conditions of the lease.

That the agreement of James Shewman was absolute, and was, in effect, an agreement to pay said rent, and to perform said conditions if the lessee did not.

The rule requiring exceptions to be filed to the decision of the court applies only to trials of issues of fact, and has no application to a decision made upon the trial of an issue of law.

APPEAL by the plaintiff Marcus M. Cass from a judgment of the Supreme Court dismissing the plaintiff's complaint, entered in the office of the clerk of Schuyler county on the 6th day of July, 1891, upon the decision made upon a demurrer interposed by the plaintiff to parts of the defendant's answer; also from an order, entered in said clerk's office on the 2d day of July, 1891, ordering that the demurrer of the plaintiff to the fifth defense in the defendant's answer be overruled.

On the 3d of April, 1888, the plaintiff and one Jennie D. Shewman entered into a written agreement, by which the plaintiff leased to said Shewman his farm of 110 acres for the term of three years from April 1, 1888, at the annual rent of $125, payable on the first

of March of each year. It was, among other things, provided that Shewman, the party of the second part, should have " fire-wood and privilege to cut and use posts for fencing on said farm, but shall not cut standing timber until down timber is used up," and the party of the second party agreed to carry on the farm in a good and farmer-like manner.

Upon the same occasion, and in connection with said lease, the defendant executed and delivered to plaintiff an instrument, of which the following is a copy :

" For a valuable consideration to me paid by M. M. Cass, the receipt whereof is hereby acknowledged, I hereby agree to become and do become security for the fulfillment of the above lease by the party of the second part, hereby agreeing to fulfill all the terms and conditions of said lease not fulfilled by said party of second part.

" Witness my hand this 3d day of April, 1888.

"JAMES SHEWMAN."

In the complaint the lease and the guaranty of defendant are set out, and it is alleged that the lessee went into possession, and that the year's rent of $125 that became due March 1, 1891, has not been paid. It is also alleged that the lessee has not carried on the farm in a good and farmer-like manner; has committed waste; has torn down and injured fences; has injured the buildings, and has cut down and appropriated many standing trees contrary to the provisions of the agreement, thereby damaging the plaintiff to the amount of $300, which, by the terms of the agreement, the lessee is liable to pay; that in these respects the lessee has made default and has failed to fulfill the agreement. Judgment is demanded against the defendant for $425.

In the fifth count or defense in the answer, it is alleged by the defendant that no demand was made by plaintiff, before the commencement of this action, of said lessee for the payment of said rent, or for the performance on her part of the conditions and provisions in said lease contained, alleged in the complaint to have been broken and violated by her, or for compensation in damages for such alleged breach, or for the injury, as alleged, to the real property; that plaintiff had taken no steps and resorted to no legal remedy against the lessee to recover the said rent, and for damages for a breach of

performance of the conditions of the agreement, and had not exhausted his remedies, legal or otherwise, against the lessee.

In the seventh count or defense the defendant alleged that the lease or agreement set forth in the complaint was void for the reason that it was not sealed, acknowledged or witnessed.

The plaintiff demurred to the fifth and seventh defenses in the answer on the ground that each of said answers is insufficient in law upon the face thereof, and neither contains sufficient facts or allegations to constitute a defense.

The court, by an order, entered July 1, 1891, sustained the demurrer to the seventh defense, giving the defendant leave to amend on payment of costs of the demurrer, but overruled the demurrer to the fifth defense and directed an interlocutory judgment to that effect.

The court also granted an order, which was entered July 2, 1891, directing that the demurrer to the fifth count be overruled, and that "the defendant may enter judgment herein dismissing said complaint, with costs, which judgment shall stand upon the record until the trial of the issue joined in this action; and in case said action shall be determined in favor of the defendant, said judgment, together with judgment for further costs, shall stand as the final judgment in this action, otherwise to be of no force and effect." This order and the judgment entered in pursuance thereof on the 6th of July, 1891, are appealed from.

*M. M. Cass, Jr.*, for the appellant.

*Cole & Bolyen*, for the respondent.

MERWIN, J. :

No exceptions to the decision of the court were filed by the appellant, and the respondent, therefore, claims that the appellant is not in a position to question the correctness of the decision. The cases cited to sustain this view of the practice relate only to trials of issues of fact. By section 992 of the Code of Civil Procedure, it is provided that "an exception may be taken to the ruling of the court or of a referee, upon a question of law arising upon the trial of an issue of fact." The manner in which such exceptions shall be

taken is regulated by sections 994 and 995. We are referred to no provision of the Code, or to any authority, which requires exceptions to be taken to the decision of the court on the trial of an issue of law. Under the former Code, the practice, as understood, did not require exceptions in such a case. (3 Wait's Pr., 232.) We think none were necessary.

Upon the merits of the demurrer, the claim of the respondent, as indicated by his points, is that he is not liable until a demand is made upon the principal debtor, and that "it must be shown that she refused to fulfill the covenants, and the surety must have previous notice, and a demand must also be made on him so that he may have knowledge of the breach and an opportunity to fulfill himself." To sustain this view the cases of *McMurray* v. *Noyes* (72 N. Y., 523); *Toles* v. *Adee* (91 id., 562); *Bank of New York* v. *Livingston* (2 Johns. Cases, 409); *Mechanics Fire Insurance Company* v. *Ogden* (1 Wend., 137), are cited.

In the McMurray case, the defendant, upon an assignment of a bond and mortgage, covenanted that if, in case of foreclosure and sale of the mortgaged premises, there should arise a deficiency, he would pay the same on demand. In an action on this guaranty, it was held that the foreclosure and sale were conditions precedent to be performed, with due diligence, in order to establish the liability of the guarantor. *Toles* v. *Adee* was an action upon an undertaking, given upon the discharge of a defendant from an order of arrest, and conditioned that the party discharged would at all times hold himself amenable to process issued to enforce the judgment. It was held that the entry of judgment and issuing of process against the principal debtor were conditions precedent to the liability of the surety, and that a neglect to perform such conditions, with due diligence, discharged the surety. In *Bank* v. *Livingston*, there was an absolute guaranty of repayment of certain moneys advanced to a committee. The only question raised was whether the committee should have been first sued, and it was held that this was not necessary. In *Mechanics Fire Insurance Company* v. *Ogden*, the defendant had assigned to plaintiff certain contracts, and covenanted that the sum set opposite to each contract, in a statement annexed, was then justly due thereon, and that "each and every sum should be well and truly paid to the plaintiffs, with the

interest on each respectively." It was held that plaintiffs could not call on defendant for payment without first making demand of those who signed the contracts, but that it was not necessary to bring suit against them.

The first two cases are clearly distinguishable from the present. In those something was to be done by the creditor before the liability of the surety was determined. Here the liability attached and was determined the moment the lessee failed to perform his duty, and the liability of the surety was as extensive as that of the lessee. (Pothier on Obligations, 404.)

The case in 1 Wendell sustains somewhat the position of defendant, but other cases are in a different direction. In *Allen* v. *Rightmere* (20 Johns.; 365), there was a guaranty by the defendant of the payment of a note, and it was held not to be necessary to make a demand of the maker before suing the defendant, it being said that the undertaking of the defendant was that the maker should pay the note when due or that the defendant would pay it himself. The doctrine of this case was followed and established by the Court of Appeals in *Brown* v. *Curtiss* (2 N. Y., 225).

In *Mann* v. *Eckford's Executors* (15 Wend., 502), the obligation sued on was a bond of defendant's testator, conditioned that one Gibbons, "should punctually satisfy and pay to the Ætna Insurance Company" the amount of a certain bond and mortgage, executed by Gibbons, and upon which the company had advanced the money, with interest as the same should become due. It was held not to be necessary for the plaintiff to prove a demand upon Gibbons for payment of the money and notice to the obligor or to defendants, it being said that if a person make an unconditional engagement for the act of a third person, the contract will be broken if that person fails to do the act. In *Douglass* v. *Howland* (24 Wend., 35), there was an agreement between plaintiff and one Bingham, whereby, among other things, Bingham agreed to pay the plaintiff such sum as should be found due upon an accounting provided for in the agreement. Underneath the agreement the defendant executed an instrument by which he covenanted that Bingham should "well and faithfully perform on his part the above agreement." It was held that defendant was not entitled to notice before action of Bingham's default. Among other cases there cited was the case of *Brook-*

*bank* v. *Taylor* (Cro. Jac., 685), where the promise was that the defendant would pay the plaintiff the rent due from another, if the latter did not pay it, and it was held that the defendant must notice the non-payment at his peril. In the *East River Bank* v. *Rogers* (7 Bos., 493), the plaintiff made a loan to one Chase, payable in sixty days, and the defendant promised that if Chase failed to repay the amount with interest within the sixty days, "then, and in such case, the defendant will become answerable to the plaintiffs for such repayment, after thirty days notice of such default." It was held that a demand of the principal need not be made before suit against the defendant. In *Clark* v. *Burdett* (2 Hall, 217), there was a guaranty by defendant of payment of bills of merchandise, purchased or to be purchased, and it was held that a demand of the purchaser and notice to defendant were not necessary as conditions precedent to plaintiff's right of action. In *Turnure* v. *Hohenthal* (4 Jones & Spencer, 79), where a surety to a lease bound himself that in case default should at any time be made by his principal in payment of rent and in the performance of the conditions of the lease to be by him performed, he would pay the rent in arrear and all damages in consequence of the non-performance of the covenants, without requiring any notice of such default, it was held that no demand was necessary to be made of the tenant by the landlord for the rent before proceeding against the surety, and that the landlord was under no obligation to attempt to collect the rent or enforce the covenants against the tenant. A like view was taken in *McKensie* v. *Farrell* (4 Bos., 204), and in *Ducker* v. *Rapp* (9 J. & S., 235). In *Cordier* v. *Thompson* (8 Daly, 172), one Ferrero executed an instrument by which she agreed to return to plaintiff's intestate a certain amount of money at a certain time, and the obligation of the defendant was in the following form: "I guarantee the above obligation." This was held to be a guaranty of payment and that neither demand on the principal or notice to the guarantor of default was a prerequisite to an action on the guaranty. *Voltz* v. *Harris* (40 Ill., 155), was an action upon a guaranty of a lease by which the guarantor became "security" that the lessee would do and perform all the covenants contained in the lease, and promised to pay to the lessors all rents and damages the lessors might sustain by reason of the non-compliance or non-fulfillment of the stipulations of the lease

by the lessee. It was held that the liability of the guarantor was primary and that he was not entitled to notice of the non-performance of the stipulations. In *Ashton* v. *Bayard* (71 Penn. St., 139), the obligation against the surety was : "I hereby become the security of S. Coulter for the fulfillment of the within obligation." This referred to a due bill given by Coulter for certain shares of stock. This was held to be an original undertaking by the surety, and a recovery thereon could be had without proving diligence to pursue Coulter. (See, also, Brandt on Suretyship, §§ 86, 172).

In the present case, as against the lessee, no demand was necessary. (*Jackson* v. *Binns*, 10 Weekly Dig., 105 ; *McMurphy* v. *Minot*, 4 N. H., 251.) His agreement was broken when he failed to pay, and when he violated the conditions of the lease. The defendant agreed to fulfill all the terms and conditions not fulfilled by the tenant.. This was, in effect, an agreement to pay if the lessee did not. When the plaintiff shows a breach by the lessee and non-payment or non-fulfillment, then he shows all that, by the terms of the contract, he is required to show in order to make the defendant liable. The agreement of defendant was not that the lessee would pay on demand or upon suit brought, but it was absolute that he would fulfill if the lessee did not. This, in substance, was a guaranty of payment, and not of collection. The defendant, in his agreement, required no demand or notice or exhaustion of remedies against the tenant. No duty was imposed on the lessor in the first instance to take any steps against the debtor, and that is said to be the test in order to determine whether a guaranty of payment or collection exists. (*Toles* v. *Adee, supra,* 573.)

The contracts of sureties are to be construed like other contracts, so as to give effect to the intention of the parties. (*People* v. *Backus*, 117 N. Y., 201.) It is hardly to be assumed here, in the absence of an express stipulation to that effect, that the intention of the parties was that the lessor should pursue the lessee to the end of an execution before calling upon the surety. In fact, that does not now seem to be claimed by the respondent's counsel, but he relies on the question of demand and notice. This the defendant did not require by his agreement, and he was not entitled to it any more than in case of an absolute guaranty of payment. This view

is, I think, in accordance with the current of authority, as illustrated by the cases above referred to.

It follows that the demurrer should have been sustained.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed, with costs of appeal, and interlocutory judgment ordered for the plaintiff upon the demurrer, with costs, with leave to the defendant to answer in twenty days upon the payment of the costs of the demurrer and of the appeal.