

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,719

### EX PARTE DIANNA MARIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM THE 144TH JUDICIAL DISTRICT COURT
### BEXAR COUNTY

HOLCOMB, J., *delivered the opinion for the Court, in which* MEYERS, PRICE, WOMACK, *and* JOHNSON, JJ., *joined.* KELLER, P.J., KEASLER, *and* COCHRAN, JJ., *concurred.* HERVEY, J., *did not participate.*

### O P I N I O N

This is a post-conviction habeas corpus proceeding, brought under Article 11.07 of the Texas Code of Criminal Procedure, in which applicant Dianna Marin seeks relief on two grounds: (1) her conviction is fundamentally defective because the trial court erred in instructing the jury that it could convict applicant for conspiracy to commit murder as a lesser-included offense of murder, even though she had been indicted for murder, not conspiracy to commit murder, which is not a lesser-

included offense of murder; and (2) she was denied her Sixth Amendment right to the effective assistance of counsel when her appellate counsel failed to raise the aforementioned claim on direct appeal. We hold that applicant is entitled to relief.

*Background*

On September 15, 1999, applicant Dianna Marin was indicted for the murder[1] of her husband, Raul. The State concedes that the murder was actually committed by one of applicant's employees, Arnulfo "A.D." Ayala, with whom she had an affair. State's Brief at 2. Ayala pled guilty to the murder and, as the court of appeals' opinion indicates, had negotiated a deal with the State for his testimony against applicant in the present case. Both the State and applicant seem to agree that the State's case against her was based primarily on Ayala's testimony. They also agree that applicant was in Oklahoma when Ayala killed her husband in San Antonio, Texas. Nevertheless, on June 20, 2000, applicant was tried for murder by a petit jury in Bexar County.

After the parties rested, the trial court held a jury-charge conference in which the defense counsel objected to the trial judge's inclusion of instructions on conspiracy to commit murder and solicitation to commit murder as lesser-included offenses of murder. The defense counsel pointed out that neither he nor the State had requested those instructions, but the trial judge seemed to believe that the defense counsel had requested them. When the defense counsel denied having done so and referred to the record in support of his assertion that neither he nor the State had made that request, the trial judge invited the State to then request those instructions. The State complied, and the trial judge granted the State's request. The defense counsel repeated his objection for the record. The trial judge then instructed the jury essentially according to his original charge. Thus, the jury

---

[1]Tex. Pen. Code § 19.02(b)(1) & (2).

could convict applicant for murder and/or being a party to murder. If it acquitted her of those two charges, it could still convict her of the lesser-included offense of conspiracy to commit murder. If it acquitted her of that as well, it could still convict her of solicitation to commit murder. As indicated earlier, the indictment had alleged only murder – not conspiracy or solicitation to commit murder.

The jury convicted applicant of conspiracy to commit murder and assessed punishment at twelve years of imprisonment and a fine of $10,000. On direct appeal, applicant urged her appellate counsel to pursue the claim preserved by her trial counsel – that the trial court erred in instructing the jury that they could convict her for conspiracy to commit murder as a lesser-included offense of murder. The appellate counsel failed to do so. Applicant then filed her own brief, entitled "Amicus Curiae Brief For The Appellant," with the court of appeals, trying to raise this issue. The State objected, arguing that the court of appeals should not consider her brief because she was not entitled to hybrid representation. The court of appeals addressed only the appellate counsel's brief and affirmed applicant's conviction. *Marin v. State*, No. 04-00-00475-CR, 2001 Tex. App. LEXIS 6756 (Tex. App.— San Antonio, October 10, 2001, no pet.) (not designated for publication).

Applicant filed an application for habeas corpus relief raising both the conspiracy charge and ineffective assistance of appellate counsel as grounds for relief. The trial judge, who had presided over the trial on the merits, designated ineffective assistance of counsel as the only factual issue requiring resolution. The habeas court concluded that applicant's ineffective-assistance-of-counsel claim was "predicated solely on the contention that the trial court erred in submitting an instruction on conspiracy." It analyzed the issue under our decisions in *Day v. State*, 532 S.W.2d 302 (Tex. Crim. App. 1976), and *Cunningham v. State*, 726 S.W.2d 151 (Tex. Crim. App. 1987), to determine

whether conspiracy to commit murder was a lesser-included offense of murder. Failing to find merit in applicant's lesser-included-offense claim, the habeas court concluded that there was no merit in applicant's ineffective-assistance claim either, and recommended that relief be denied. We filed and set the application to determine whether applicant is entitled to relief.

*Discussion*

In the case at bar, applicant's trial counsel timely objected to the trial judge's inclusion of instructions on conspiracy to commit murder as a lesser-included offense of murder, thus preserving the issue for appeal. Applicant urged her appellate counsel to pursue this issue on appeal, but the latter failed to do so. Applicant then went so far as to file a brief herself on that claim, but the court of appeals declined to address it because of the State's objection on the grounds of hybrid representation. Thus, because of her appellate counsel's failure to present the issue on appeal, applicant was effectively barred from raising it in a petition for discretionary review.

We turn first to the merits of applicant's claim that conspiracy to commit murder is not a lesser-included offense of murder. Article 37.09 of the Texas Code of Criminal Procedure sets out a general definition of a lesser-included offense:

Art. 37.09. Lesser Included Offense

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

We interpreted this statute in our opinion on original submission in *Day v. State*, establishing a two-step method of determining whether a given offense is a lesser-included offense of the one that has been charged. 532 S.W.2d at 304-07. We illustrated this approach by first comparing the statutes defining the crimes in question, criminal trespass and burglary, to determine whether the elements of criminal trespass could be established by proof of the same facts necessary to prove the elements of burglary. *Id.* at 304-06. We concluded that they could, that proof of additional facts would not be necessary, and that the requirement of Article 37.09(1) would thus be satisfied. *Id.* at 306. We therefore held that the offense of criminal trespass was a lesser-included offense of burglary. *Id.*

It was only after we made this initial determination, under the first step of the analysis, that we proceeded to the second step of then determining whether there was sufficient evidence at trial to have required the court to submit the issue of the lesser-included offense to the jury. *Id.* at 306. We concluded that the evidence had been sufficient to raise the issue of criminal trespass and that the court's failure to submit to the jury a requested charge on that issue therefore constituted reversible error. *Id.* at 307.

We have recently approved the two-step method, established in *Day* on the original submission, of determining under Article 37.09 whether a given offense is the lesser-included offense of the offense charged. *See Hall v. State*, 225 S.W.3d 524, 527-28 (Tex. Crim. App. 2007). Even before *Day*, however, this Court had held "on a number of occasions that when the greater offense may be committed in more than one manner, the manner alleged [in the indictment] will

determine the availability of lesser-included offenses." *Id.* at 531. As we explained,

> To hold otherwise would be contrary to the better analysis of the statute and might run afoul of the requirements of due process by making it impossible to know before trial what lesser offenses are included within the indictment, yet making it possible at the end of the trial to convict for any offense that was incidentally shown by the evidence.

*Id.* at 537. In making these observations, we shared the same concerns about a defendant's constitutional right to notice as those articulated by the Supreme Court in *Schmuck v. United States*, 489 U.S. 705 (1989).[2] *Hall*, 225 S.W.3d at 531-32. Hence, we approved our *Day* opinion on the original submission because, in our view, it adequately addressed those concerns, *id.* at 533[3], and we disapproved those statements in our opinion on rehearing that implied a deviation from the approach taken on the original submission. *Id.* at 537.[4]

---

[2]As the Supreme Court noted,

> It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him. This stricture is based at least in part on the right of the defendant to notice of the charge brought against him. Were the prosecutor able to request an instruction on an offense whose elements were not charged in the indictment, this right to notice would be placed in jeopardy.

489 U.S. at 717-18 (citations omitted).

[3]"Article 37.09, as it was applied in the Court's opinion on original submission in *Day*, is compatible with the cognate-pleadings approach [adopted in *Hall*] to lesser-included offenses, although this label was not adopted in the opinion."

[4]We note that the State concedes that, in arguing that the lesser-included-offense instructions were properly submitted under the facts of this case, it is "relying principally" on those portions of *Day* that were repudiated by *Hall*. State's Brief at 4-5. It, nevertheless, claims that "*Jones* appears to be dispositive of the contention that *under the facts of the case* conspiracy is a lesser-included offense of murder." State's brief at 5 (emphasis added). The State does not give us any citation for *Jones*, however, nor does it develop the argument beyond that single sentence.

We will now apply the lesser-included-offense analysis introduced in *Day* on original submission, and further explained in *Hall*, to the instant case. The first step requires a comparison of the statutory elements of the alleged lesser-included offense and the alleged greater offense, as those elements have been modified by the particular allegations in the indictment. *Hall*, 225 S.W.3d at 536. Thus, the elements of murder, as alleged in the present indictment, are:

(1) Applicant

(2) caused the death of an individual

(3) by striking and stabbing with a crowbar, and by stabbing with a knife, on the body and head of the individual

(4) (a) with intent and knowledge to cause the individual's death or

   (b) (i) with intent to cause the individual serious bodily injury and

      (ii) committing an act clearly dangerous to human life.

We turn next to the alleged lesser-included offense of conspiracy to commit murder. The elements of "criminal conspiracy," as defined by Texas Penal Code, Section 15.02(a), are:

(1) Applicant

(2) with intent to commit a felony

(3) agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

(4) he or one or more of them perform(s) an overt act in pursuance of the agreement.

Finally, we ask the question posed by Article 37.09(1): Are the elements of the purported lesser-included offense "established by proof of the same or less than all the facts required to establish the commission of the offense charged"? We find in this case that they are not. The facts

required to prove the elements of the lesser-included offense of conspiracy include at least one – agreement – that is not the same as, or less than, those required to establish the greater offense of murder as it was charged in the indictment.

Since the alleged lesser-included offense fails to qualify as such in the "initial inquiry," *Day*, 532 S.W.2d at 304, we need not proceed to the next step of the analysis. Even though the evidence at trial might have supported the alleged lesser offense of conspiracy, and perhaps several other lesser offenses, none of them can qualify as a lesser-included offense of murder unless it can be qualified as such in the first step of our analysis. *See, e.g., Hall*, 225 S.W.3d at 537 ("The evidence in the case would have supported a verdict for either theory of burglary, but the indictment did not allege the element of committing theft after entry," i.e., one of the elements required to prove the lesser offense of aggravated assault by threat). We, therefore, hold that the trial court's instruction that the jury could consider conspiracy to commit murder as a lesser-included offense of murder constituted reversible error.

Applicant claims that she was denied her Sixth Amendment right to effective assistance of counsel when her appellate counsel failed to raise her claim – that conspiracy to commit murder was not a lesser-included offense of murder – on direct appeal.

The Fourteenth Amendment to the United States Constitution guarantees, to a criminal defendant pursuing a first appeal as of right, certain minimum safeguards necessary to make the appeal "adequate and effective." *Evitts v. Lucey*, 469 U.S. 387, 392 (1984) (quoting *Griffin v. Illinois*, 351 U.S. 12, 20 (1956)). These safeguards include the right to counsel, *id.* (citing *Douglas v. California*, 372 U.S. 353 (1963)), which comprehends the right to effective assistance of counsel. *Id.* at 396. We must apply the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984),

in judging claims of ineffective assistance of appellate counsel. *Evitts*, 469 U.S. at 392; *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

*Strickland* requires the defendant to show both that counsel's performance was deficient and that this deficient performance prejudiced the defense. 466 U.S. at 687. In the appellate context, the defendant must first show that his counsel was objectively unreasonable, for example, in failing to raise arguable issues on appeal. *Robbins*, 528 U.S. at 285. If he succeeds in such a showing, he must then demonstrate prejudice to his defense. *Id.* In other words, he must show a reasonable probability that, but for his counsel's failure, he would have prevailed on his appeal. *Id.* at 285-86 (quoting *Strickland*, 466 U.S. at 694 ("defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'")). The presumption of effective assistance of counsel will be overcome when the ignored issues are clearly stronger than those presented by the counsel on appeal. *Id.* at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (CA7 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.")).

As we noted in *Hall*, this Court's cases about the correct lesser-included-offense test to be applied have been in conflict since *Day* was decided. 225 S.W.3d at 533. In some opinions, we determined whether one offense is a lesser-included offense of another by comparing the elements of the offenses, *id.* at 530-31 & n.29, while in others we compared the evidence in the case to the elements of the lesser-included offense. *Id.* at 530-31 & n.30. But it is important to note the dates of those decisions. We decided *Day*, on original submission, in 1975. We issued our opinion on

rehearing in 1976.[5] Our opinion in *Cunningham*, one of the two cases upon which the habeas court in the present case relied, was decided in 1987. In fact, *Cunningham* appears to be the last seminal decision from this Court in which we focused on the evidence in the case in the first part of the lesser-included-offense analysis. Two years later, in 1989, the Supreme Court delivered its *Schmuck* opinion, indicating that it might be a serious violation of a defendant's constitutional right to notice if the relationship between the lesser-included offense and the greater offense were determined based on the evidence presented at trial rather than on the elements pleaded in the indictment. 489 U.S. at 717-18. Since then, our opinions, for the most part, have focused on the statutory elements of the lesser and greater offenses in question, *see, e.g., Jacob v. State*, 892 S.W.2d 905 (Tex. Crim. App. 1995); *Schweinle v. State*, 915 S.W.2d 17 (Tex. Crim. App. 1996); *Campbell v. State*, 149 S.W.3d 149 (Tex. Crim. App. 2004); *Hayward v. State*, 158 S.W.3d 476 (Tex. Crim. App. 2005); *Irving v. State*, 176 S.W.3d 842 (Tex. Crim. App. 2005), until we finally endorsed this approach as "the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction." *Hall*, 225 S.W.3d at 535.

In short, in light of the earlier conflict in our decisions following our opinion in *Day* on rehearing, applicant's challenge to the trial court's inclusion of conspiracy to commit murder as a lesser-included offense of murder raised a strong issue on which she was quite likely to prevail in light of our own decisions following *Schmuck*. Her trial counsel vigorously sought to and did preserve this issue for appellate review. But her appellate counsel failed to raise it on direct appeal,

---

[5] But it should be noted that "only eight weeks after the Court delivered the opinion on rehearing in *Day*, the author of that opinion denied that his opinion should be read to authorize consideration of the evidence on the issue of whether one offense was included within the allegation of another." *Hall*, 225 S.W.3d at 530 (citing *Graves v. State*, 539 S.W.2d 890, 892-93 (Tex. Crim. App. 1976) (Odom, J., concurring)).

instead raising issues[6] that he himself, as his affidavit indicates, did not believe had any merit. For example, he stated in his affidavit:

> The record on appeal established Appellant's overwhelming guilt as a party to murder; Appellant was *fortunate* to escape conviction for the greater offense of murder, and receive in this case the lesser included of conspiracy to commit murder. Appellant's intent to commit murder, agreement with A.D. Ayala to murder Raul Marin, and Appellant's payment of $500.00 to Mike Ybarra in furtherance of Appellant's criminal agreement with A.D. Ayala, establish the three essential lesser elements of conspiracy to murder.

(Emphasis added.) He also stated:

> I did not raise a point of error on appeal regarding the lesser of conspiracy because there was no jury charge error; the only thing the Appellant did not do was to physically kill her sleeping husband herself. The record on appeal amply reveals that Appellant pursued a conspiracy which encompassed not only the killing but also a cover-up.

Indeed, the appellate counsel's affidavit as a whole indicates that he considered applicant's case to be frivolous. A reasonable attorney, in that situation, would have filed an *Anders*[7] brief and thus recused himself from the case altogether. Applicant could have then proceeded *pro se* or through another counsel. Thus, there would have been no problem of hybrid representation, the matter would have been resolved on direct appeal, and applicant would not have needed to resort to the present extraordinary remedy to vindicate her rightful claim.

The affidavit also indicates that the counsel failed to do any research on the issue that applicant urged him to pursue. If he had done such research, he would have known about: (1)

---

[6]The appellate counsel raised five issues related to the sufficiency of corroboration testimony, alleged prosecutorial misconduct, alleged accomplice witnesses, and hearsay. We note that, even on the bare record before us, these issues appear to be much weaker than the one that the attorney failed to raise and were easily disposed of by the court of appeals. *Marin*, 2001 Tex. App. LEXIS at *3-8.

[7]*Anders v. California*, 386 U.S. 738 (1967).

*Schmuck*; (2) following *Schmuck*, the change in this Court's own approach to cases involving the lesser-included-offense analyses; and (3) the fact that judges in this Court themselves had begun to question the reasoning of *Cunningham* in particular, in light of the recent Supreme Court and our own decisions in this area.[8]  In short, the appellate counsel appeared to be totally unaware of the applicable law and sought to define a lesser-included offense with reference to the *facts of the case*, rather than the elements of the indicted crime, in spite of the rapidly developing weight of authority to the contrary.  Thus, he ignored the importance of the trial counsel's efforts to preserve the lesser-included-offense issue, disregarded his own client's earnest requests to pursue that issue, and instead filed an appeal on claims that even he did not seem to believe had any merit.  In view of all these facts, we hold that counsel's failure to raise the lesser-included-offense issue constituted deficient performance.

The prejudice caused by this deficient performance is obvious.  The lesser-included-offense issue was not preserved because of appellate counsel's failure to raise it on direct appeal.  Applicant was thus precluded from seeking our review, in which she would quite likely have prevailed under *Schmuck*, even if *Hall* had not yet been decided.  We, therefore, conclude that the appellate counsel's deficient performance prejudiced applicant's defense.[9]

---

[8]*See, e.g., Ochoa v. State*, 982 S.W.2d 904, 909 (Tex. Crim. App. 1998) (Keller, J., concurring) ("I agree with the result reached by the majority but disagree with the majority's reliance upon *Cunningham* to dispose of the issue presented" in part because "*Cunningham*'s conclusion that an offense was lesser-included based *upon proof at trial* appears to be contrary to precedent from the Supreme Court and this Court in that respect.") (emphasis in original) (citing *Garrett v. United States*, 471 U.S. 773 (1985); *Ex Parte Kopecky*, 821 S.W.2d 957 (Tex. Crim. App. 1992)).

[9]We note that the appellate counsel, in his affidavit, asserts that applicant was not harmed and that she in fact "benefitted from the trial court's charge."  Although the record before us is

(continued...)

*Conclusion*

Conspiracy to commit murder is not a lesser-included offense of murder as it was alleged in the present indictment. Hence, we conclude that the trial court erred in instructing the jury that it could convict applicant for conspiracy to commit murder, even though she had not been indicted for this crime; and that her appellate counsel was ineffective in failing to raise this issue on direct appeal. We, therefore, grant applicant relief from the judgment and remand her to the custody of the Sheriff of Bexar County.

DELIVERED: APRIL 2, 2008.

DO NOT PUBLISH

---

[9](...continued)
admittedly sparse, we are not persuaded by counsel's argument. The facts, as recounted by the State and the court of appeals, indicate that the bulk of communication between Ayala (who actually committed the murder) and applicant took place over the telephone, and that there was no recording made of such conversations. They also indicate that Ayala had tried to persuade one of his friends, Mike Ybarra, to kill Raul. But there is no indication in these facts that applicant even met Ybarra. In short, the State's case against applicant seems to be based entirely on Ayala's testimony and, hence, his credibility. The fact that the jury acquitted applicant of murder, and even of being a party to the murder, indicates that they did not completely believe him. It is therefore questionable whether the jury would have convicted applicant of conspiracy if it had not been for the trial court's erroneous lesser-included-offense charge. At any rate, we believe that being convicted of a crime for which applicant had not been charged, thus violating her constitutional due-process right of notice, is sufficient harm to hold that she was prejudiced by her appellate counsel's deficient performance.